SUNBURY WIRE ROPE MANUFACTUR-
ING COMPANY, Plaintiff,

v.

UNITED STATES STEEL CORPORA-
TION, The Youngstown Sheet and Tube
Company, Detroit Steel Corporation,
John A. Roebling's Sons Corporation,
Bethlehem Steel Company, Jones &
Laughlin Steel Corporation, Union Wire
Rope Corporation, Wire Rope Corpora-
tion of America Incorporated, Universal
Wire Products, Inc., Defendants.

Civ. A. No. 16933.

United States District Court,
E. D. Pennsylvania.

March 9, 1955.

Reargument Denied March 24, 1955.

Earl G. Harrison, Edward W. Mulli-
nix, of Schnader, Harrison, Segal &
Lewis, Philadelphia, Pa., for plaintiff.

John B. Martin, of Duane, Morris &
Heckscher, Philadelphia, Pa., for U S.
Steel Corp.

Arthur Littleton, of Morgan, Lewis
& Bockius, Philadelphia, Pa., for The
Youngstown Sheet & Tube Co.

Philip H. Strubing, of Pepper, Bodine,
Frick, Scheetz & Hamilton, Philadelphia,
Pa., for Bethlehem Steel Co.

R. Sturgis Ingersoll, of Ballard, Spahr,
Andrews & Ingersoll, Philadelphia, Pa.,
for Jones & Laughlin Steel Corp.

James S. Clifford, Jr., of MacCoy, Evans & Lewis, Philadelphia, Pa., for Universal Wire Products, Inc.

J. Wesley McWilliams of McWilliams, Wagoner & Troutman, Philadelphia, Pa., for Union Wire Rope Corp. and Wire Rope Corp. of America, Inc.

John G. Williams and Charles J. Biddle, of Drinker, Biddle & Reath, Philadelphia, Pa., for Detroit Steel Corp.

H. Francis DeLone, of Barnes, Dechert, Price, Myers & Rhoads, Philadelphia, Pa., for John A. Roebling's Sons, Corp.

GRIM, District Judge.

This is a private anti-trust suit against eight defendants, one of which is Detroit Steel Corporation.

Detroit Steel Corporation (Detroit) is incorporated in Michigan where it has its principal office. It has never registered to do business in Pennsylvania. It has never appointed an agent to receive service of process in Pennsylvania. It has never had an officer or a resident salesman in Pennsylvania. It has never had a telephone listing or bank account in Pennsylvania and has done no local advertising in Pennsylvania. However, as a part of its sales transactions it has delivered a substantial amount of its product in the Eastern District of Pennsylvania. As a result of sales agreements entered into outside of Pennsylvania, in 1953 it delivered $387,829.-35 worth of steel in the Eastern District of Pennsylvania and in the first nine months of 1954 it delivered $206,474.23 worth of steel there. A large part of this steel was delivered to the plant of the General Electric Company in Allentown in the Eastern District pursuant to an agreement of sale between Detroit and the General Electric Company, which was negotiated and entered into at Schenectady, New York. All the rest of the steel which Detroit shipped into the Eastern District of Pennsylvania was sent to customers there by reason of agreements of sale entered into outside the Eastern District of Pennsylvania and because of allocations by the National Production Authority during the time when there was a shortage of steel resulting from the Korean war. Detroit did no soliciting of business in the Eastern District of Pennsylvania. Occasionally agents of Detroit visited its customers in the Eastern District for good will purposes, but not for the purpose of soliciting business there.

Detroit has filed a motion to dismiss the action against it contending no proper venue exists as to it in the Eastern District of Pennsylvania. Plaintiff contends that venue is proper in this District under Section 12 of the Clayton Act, 15 U.S.C.A. § 22, which provides in pertinent part:

"Any suit * * * under the antitrust laws against a corporation may be brought * * * in any [judicial] district wherein it * * * transacts business".

Plaintiff contends that the activities of Detroit in the Eastern District of Pennsylvania constitute the transacting of business therein. Detroit contends that they do not. Does a corporation which delivers a substantial amount of its product into a judicial district, as a result of orders obtained outside a judicial district, "transact" business therein within the venue section of the Clayton Act when it does no soliciting there and performs no other substantial activity there?

In construing the venue clause of the Clayton Act the Supreme Court said in Eastman Kodak Co. v. Southern Photo Materials Co., 273 U.S. 359, at page 373, 47 S.Ct. 400, at page 403, 71 L.Ed. 684, "that a corporation is engaged in transacting business in a district, within the meaning of this section * * * if in fact, in the ordinary and usual sense, it 'transacts business' therein of any substantial character." In United States v. Scophony Corp., 333 U.S. 795, at page 807, 68 S. Ct. 855, at page 861, 92 L.Ed. 1091, the Court said: "Refinements such as previously were made under the 'mere so-

licitation' and 'solicitation plus'[1] criteria * * * [are] no longer determinative. The practical, everyday business or commercial concept of doing or carrying on business 'of any substantial character' * * * [is] the test of venue."

■ The selling of its product is the most important part of a business. There can be a substitute for every department of a business but sales. Products or parts of them can be bought instead of manufactured, but there can be no substitute for sales. Without sales no business can exist. A sale is never complete until delivery is made, since it is the delivery which entitles the manufacturer to money and it is the earning of money which is the real purpose of business. No ordinary businessman would be likely to say that the delivery of almost $600,000 worth of a company's product into the Eastern District of Pennsylvania within less than two years as part of sales transactions does not constitute the transacting of business in that district. Application of the "practical, everyday business or commercial concept" test of what constitutes "transacting" business causes me to come to the conclusion that Detroit Steel Corporation was transacting business in the Eastern District of Pennsylvania when the present action was filed and service was made on it.

Detroit's counsel contends that delivering $600,000 worth of steel into the Eastern District of Pennsylvania does not constitute transacting business there because the activity is not sufficiently substantial in view of Detroit's large overall business, which amounts to almost $100,000,000 a year in sales. This contention must be rejected. Whether or not a defendant is "transacting" business in a particular district should not and does not depend on whether or not a defendant corporation or its overall sales are large or small. The important thing is whether or not the sales would appear to be substantial from the average businessman's point of view. In my opinion, almost $600,000 worth of business in less than two years, viewed absolutely and without reference to the sales volume of any particular corporation, would appear to be quite substantial to the average businessman as compared to the sales figures of his own business.

The motion of Detroit Steel Corporation to dismiss the action against it will be denied.

### On Petition for Reargument

■ In the opinion filed on March 9, 1955, concerning the motion of Detroit Steel Corporation to dismiss the action against it I based my conclusion that Detroit "transacts business" in the Eastern District of Pennsylvania upon the ground that Detroit "delivered" a substantial amount of its product into this District. Detroit in its petition for reargument contends that, since all but one of the shipments of steel in question were F.O.B. Detroit's New Haven, Connecticut, mill or warehouse, "deliveries" to Detroit's customers in the Eastern District of Pennsylvania were made in New Haven where the steel was physically delivered to a common carrier. In effect Detroit is urging the Court to view the word "delivery" as it is used in the law of sales. However, the term "delivery" referred to in my previous opinion was not used in the same technical sense as it is used in the Uniform Sales Act (see 69 P.S. § 256) or in the new Uniform Commercial Code (see 12A P.S. § 2–509), the provisions of which are addressed to the question of risk of loss as between buyer and seller. In my previous opinion the term "delivery" was not used in any technical sense, but was

1. The earlier reported cases on this point were concerned with the question of whether a defendant's activities amounted to "soliciation" or "solicitation plus" in a particular judicial district. The present case is unique in that the defendant, which is moving for dismissal, engaged in "plus" activities (delivery) but not in "solicitation."

used in its "practical, everyday business or commercial concept." From the average businessmen's point of view the shipments in question were delivered into the Eastern District of Pennsylvania and these deliveries constituted the transacting of business in this District.

Accordingly, defendant Detroit Steel Corporation's petition for reargument of its motion to dismiss the action is hereby denied.