SCHOOL DISTRICT OF PHILADEL-
PHIA, COMMONWEALTH OF
PENNSYLVANIA,

v.

KURTZ BROS. et al.

Civ. A. No. 35747.

United States District Court
E. D. Pennsylvania.

March 18, 1965.

362

Donald Brown, Nochem S. Winnet, Philadelphia, Pa., for J. L. Hammett Co. and others.

Carl F. Barger, Pittsburgh, Pa., William U. Smith, Smith, Smith & Work, Clearfield, Pa., for Kurtz Bros. and Kurtz Bros., Eastern Division, Inc.

Frank B. Wallis, Walker B. Comegys, Jr., Boston, Mass., for J. L. Hammett Co. Charles F. Herr, Lancaster, Pa., for L. B. Herr & Son.

W. Bradley Ward, Kimber E. Vought, Philadelphia, Pa., for Garrett-Buchanan Co.

Benjamin M. Quigg, Jr., Russell C. Dilks, Morgan, Lewis & Bockius, Philadelphia, Pa., John Martin Jones, Jr., Piper & Marbury, Baltimore, Md., for Paul M. Adams Co.

C. Gordon Haines, Luther B. Ditch, Baltimore, Md., for A. & C. Co.

Bruce Hecker, New York City, for Webster Paper and Supply Co.

Herbert A. Fogel, Philadelphia, Pa., for Bardeens.

Dolores Korman, Philadelphia, Pa., for Philadelphia School Dist.

DAVIS, District Judge.

This action was instituted by the School District alleging anti-trust violations against twelve defendants. Presently before the Court are the motions of five defendants The A & C Company, Bopetro, Inc., Peckham, Little & Co., Inc., Webster Paper and Supply Co. and Bardeen's, Inc., to dismiss for lack of venue or lack of jurisdiction. The School District was allowed discovery going to the factual basis of the various motions and, after all parties had submitted briefs, an argument was held on December 30, 1964.

The heart of the objection by the defendants to this action is that the Eastern District of Pennsylvania is not the proper place for the School District to litigate its rights against them. Defendants argue that venue does not lie here since they are not inhabitants of the district, nor may they be found within the district, nor do they transact business in this district. See 15 U.S.C.A. § 22. Plaintiff does not argue that these defendants are inhabitants of this district since Pennsylvania is not the state of incorporation of any of these defendants. Also, Plaintiff does not urge that the defendants may be found within the district since they are not registered to do business in Pennsylvania, they do not maintain an office, nor is there any formal connection with the State of Pennsylvania.

Plaintiff does allege however, that these defendants have transacted business of a substantial character in this district and are therefore subject to venue here, relying on United States v. Scophony Corp., 333 U.S. 795, 68 S.Ct. 855, 92 L.Ed. 1091 (1948) and Eastman Kodak Co. v. Southern Photo Materials Co., 273 U.S. 359, 47 S.Ct. 400, 71 L.Ed. 684 (1927). These cases have made it clear that the transacting business test of Clayton Act venue is much broader than the doing business concept which subjects a foreign corporation to the jurisdiction of a local court. A foreign corporation is transacting business with-

in a district if, from a practical business viewpoint, the corporation is engaging in any substantial business operations there. See Sunbury Wire Rope Mfg. Co. v. United States Steel Corp., 129 F.Supp. 425 (E.D.Pa.1955).

For purposes of clarity, this opinion will deal with the defendants in three different categories.

## I. THE A & C COMPANY

The exhibits submitted by the plaintiff and the defendant, The A & C Company (hereinafter referred to as A & C), answers to interrogatories show the following:

a) shipments of school supplies into this district for the years 1961, 1962 and 1963 varying in amount from $8,220.00 to $49,067.00; [1]

b) a portion of these shipments had been made to the plaintiff;

c) solicitation of business in this district in person through a representative and by mail.

A continuous course of conduct which includes the shipment of goods and the solicitation of business does constitute transacting business. Gem Corrugated Box Corp. v. Mead Corp., 189 F.Supp. 584 (S.D.N.Y.1960).

The defendant A & C argues that their business in this district over a three year period amounted to only 2.7% of its total sales and therefore this business is not substantial. The dollar figure and the percentage of sales, together or separately, are merely ways of measuring the amount of total business carried on at a particular place, during a specific period of time or on a particular product. In viewing the amount of business transacted, it must be reflected in light of the products involved in the sales, the continuity with which the sales are conducted and the manner in which the sales are obtained. A single unsolicited sale by a small company, which amounted to a significant portion of its total sales for that year, might not amount to transacting business. On the other hand, a continuous series of solicited sales over a long period of time amounting to only a small percentage of total sales for a large company, does amount to transacting business.

In this case, the products are small items individually so that $50,000.00 in sales is substantial business. Therefore in light of the facts known to date, A & C must be considered transacting business in this district within the meaning of Section 12 of the Clayton Act.

## II. BOPETRO, INC. and PECKHAM, LITTLE & CO., INC.

The exhibits submitted by the plaintiff and the defendants' answers to interrogatories show the following:

a) that an agent came into this district to solicit business between 1959 and 1964 for either or both of these defendants;

b) that shipments of school supplies were sent to this district during the years 1959 through 1964;

c) that it is completely unclear which defendant had an agent soliciting business and which defendant shipped goods, or both.

Without deciding whether one or both defendants are subject to venue in this district, this Court feels that the continuous shipments made into the district and solicitation by an agent on a regular basis subjects the responsible principal or principals to suit in this district.

Peckham, Little & Co., Inc. (hereinafter referred to as Peckham) argues that the plaintiffs' complaint fails to state a cause of action against it since this defendant was not in existence until after the period of the alleged anti-trust conspiracy had occurred. Peckham states that it is a Delaware corporation incorporated on April 29, 1963. However an exhibit dated October 7, 1958 is a state-

---

1. Statements showing accounts receivable for a portion of the year 1964 were also submitted by the plaintiff and these re-

flect a continuing course of business in this district.

ment of account under the name of Peckham, Little & Co., Inc. of New York. Another exhibit dated July 31, 1961 is an invoice under the name of Peckham, Little and Company, Inc. Still another exhibit dated November 6, 1962 is an order under the name of Peckham, Little & Co., Inc. All of these exhibits indicate that the principal office of these corporations is 350 Warren Street, Jersey City, New Jersey.

■■ Bopetro, Inc. (hereinafter referred to as Bopetro) argues that this action be dismissed as to it since it ceased doing business in this district more than a year ago, citing Sunbury Wire Rope Mfg. Co. v. United States Steel Corp., 230 F.2d 511 (3rd Cir. 1956). It is true that, when applying the transacting business test, the defendant must still be conducting substantial business in this district at the time of the commencement of the action. From the exhibits submitted it is not clear that Bopetro ever carried on any business in this district. Yet Bopetro's answers to interrogatories admit to a certain amount of sales to customers in the Philadelphia area. Finally, Bopetro identifies as its agent a man whose address is 350 Warren Street, Jersey City, New Jersey, the same address as the principal office of Peckham.

Under these circumstances, the motion to dismiss by these two defendants must be denied until full discovery is obtained. After the plaintiff has an opportunity to explore its general discovery on the merits and the picture as to these defendants is more clear, they may reassert their motions.

■ Both Bopetro and Peckham have moved in the alternative to transfer this action to another district under 28 U.S. C.A. § 1404(a). Since plaintiff has chosen its forum in this district and all other defendants which will defend this action are here, this Court feels the interests of justice will best be served by keeping the number of actions involved to a minimum and litigate the rights of all parties alleged to be a part of the conspiracy in this action.

## III. WEBSTER PAPER and SUPPLY CO., INC. and BARDEEN'S, INC.

■ As to the final two defendants, Webster Paper and Supply Co., Inc. (hereinafter referred to as Webster) and Bardeen's, Inc. (hereinafter referred to as Bardeen's), the sales in this district do not amount to transacting business in any substantial manner. The sales were extremely light, sporadic and unsolicited. Plaintiff argues as to Webster and Bardeen's that these motions be denied for the present to enable discovery on the merits which might prove the alleged conspiracy to allocate geographic markets. Assuming this is proven, and Webster and Bardeen's are not transacting business here as a result of the conspiracy, venue in this district would still be improper. Under the Clayton Act venue provision, a corporate defendant must be an inhabitant, found or transacting business within the district. There are strong policy reasons to allow a plaintiff to sue in its own district all defendants which cause it damage as a result of conspiratorial abstention, but this Court must be bound by the legislation actually passed by Congress and they have not seen fit, as yet, to allow such an action.

■ Plaintiff argues, finally, that Webster was a wholly owned subsidiary of a corporation registered to do business in Pennsylvania at the time of the commencement of this action and therefore should be held in until discovery is completed as to this corporate relationship. Plaintiff cites a number of cases holding that a wholly owned subsidiary doing business in one jurisdiction will subject the parent to suit in that jurisdiction if the corporate relationship is such that the subsidiary is merely the instrumentality of the parent. No cases have been cited, and this Court has found none, that hold the presence of a parent corporation will subject a wholly owned subsidiary operating exclusively in a foreign jurisdiction to suit here. Since Webster is neither transacting business, on inhabitant nor found in this district, its motion to dismiss should be granted.

## ORDER

And now this 18th day of March, 1965, the Motion to Dismiss of the A & C Company is hereby denied: the respective Motions to Dismiss and to transfer of Peckham, Little & Co., Inc. and Bopetro, Inc. are denied without prejudice; and the Motions to Dismiss of Webster Paper and Supply Co., Inc. and Bardeen's, Inc. are granted.