John K. RAINS, Plaintiff,

v.

**CASCADE INDUSTRIES, INC. and Jil-Mic, Inc., Defendant.**

No. 66 Civ. 812.

United States District Court
S. D. New York.

Aug. 26, 1966.

Greenspan & Aurnou, White Plains, N. Y., for plaintiff, Joel Martin Aurnou, White Plains, N. Y., of counsel.

Keith, Johnston, Isner & Desmarais, New York City, for defendants; Frederick A. Zoda, Sperry & Zoda, Trenton, N. J., of counsel.

WYATT, District Judge.

These are motions (1) by the two defendants in this patent infringement action for an order dismissing the action because "the court is without jurisdiction to render a judgment of infringement" (presumably this motion is made under Fed.R.Civ.P. 12(b) (1)) or, in the alternative, granting summary judgment for defendants, Fed.R.Civ.P. 56; and (2) by defendant Cascade Industries, Inc. ("Cascade") for an order dismissing the action because of improper venue (Fed.R. Civ.P. 12(b) (3); 28 U.S.C. § 1400(b)) or transferring it to the District of New Jersey (28 U.S.C. § 1406(a)).

Plaintiff Rains filed his complaint on March 22, 1966. It is there alleged that on or about August 3, 1965 plaintiff had been issued United States Letters Patent for an invention consisting of a design for a swimming pool; and that prior to commencement of this suit, defendants infringed his patent by "making, selling, using, furnishing and supplying products, articles, materials and supplies, embodying the patented invention" and by "actively inducing others to so do". Plaintiff requests injunctive relief, damages, profits, costs and attorney's fees.

While the complaint does not so state, it is agreed that the patent in suit and the controversy between the parties relate to *above-ground* or *on-ground* swimming pools, as opposed to the older and more usual type, the in-ground or below-ground pool.

Defendant Jil-Mic, Inc. ("Jil-Mic") is a New York corporation which does not manufacture but apparently retails swimming pools under a franchise or franchises.

Defendant Cascade is a New Jersey corporation which manufactures swimming pools. Gold Medal Family Pools, Inc. ("Gold Medal") is not a party defendant to this lawsuit, but is a wholly-owned subsidiary of Cascade, incorporated in New York, and conducts the above-ground swimming pool business of its parent, Cascade.

(1)

Motion by both defendants for dismissal or, alternatively, for summary judgment

The motion under Fed.R.Civ.P. 12(b) to dismiss the complaint for lack of jurisdiction of the subject matter is clearly without any merit. The complaint states a claim for patent infringement, the patent being alleged as a United States patent. This Court is specifically given jurisdiction of "any civil action arising under any Act of Congress relating to patents * * *." 28 U.S.C. § 1338(a).

The motion for summary judgment, supported by affidavits, presents a closer question.

The affidavit of Cascade's president, for the motion, states that prior to April 1, 1966, Cascade had never manufactured, used or sold above-ground swimming pools and that Cascade had not "shipped, furnished or supplied" Jil-Mic with any such pools or components of such pools. The sales manager for Gold Medal swears to a similar statement and also swears that there had been no such manufacture, sale or use by Gold Medal.

The affidavit of Jil-Mic's president, for the motion, states that prior to April 1, 1966 Jil-Mic had not manufactured, used, sold, or actively induced a manufacture, use or sale of any above-ground swimming pool; that Jil-Mic had not applied a design or colorable imitation of a design to such a swimming pool; and that Jil-Mic had not exposed for sale such a pool.

Plaintiff submits an advertisement by Cascade in "Swimming Pool Weekly" offering for sale an above-ground pool and showing a picture of an actual such pool. Defendant has a strong affidavit in reply that this pool in fact was not made or

sold by Cascade or by Gold Medal, but by a stranger to this action.

Plaintiff submits another advertisement, apparently for mail distribution, of an above-ground pool called a "Gold Medal" pool, a "product" of Cascade, with reply card to be mailed to Jil-Mic in New York.

There is another advertisement referring to a pool as a "product" of Cascade and purporting to show actual production of pools in a plant of Cascade.

There is a letter from counsel for defendants dated March 23, 1966 (one day after this action was commenced). Among other things, the letter states that "Jil-Mic, Inc. holds a dealership in Gold Medal Family Pools"; that "the accused product [an above-ground pool] is that which is *manufactured* by [Gold Medal]"; and that "Jil-Mic, Inc. in *selling* the product *manufactured* by [Gold Medal] * * * does not infringe the patent" (emphasis supplied). In reply, counsel for defendants states that he made no investigation and that he was mistaken in the quoted part of his letter.

■ I conclude that summary judgment ought not to be granted here. "A litigant has a right to trial where there is the slightest doubt as to the facts * *." Doehler Metal Furniture, Inc. v. United States, 149 F.2d 130, 135 (2d Cir. 1945); see also Dean Construction Co. v. Simonetta Concrete Construction Corp., 37 F.R.D. 242 (S.D.N.Y.1965).

■ If in fact neither Cascade nor Gold Medal nor Jil-Mic has ever made or sold (either before or after April 1, 1966) an above-ground swimming pool, surely such fact could be established to the satisfaction of counsel for plaintiff who naturally does not wish to prosecute a fruitless action.

### (2)

Motion by Cascade to dismiss or transfer the action because of improper venue

There is proper venue in this Court if defendant Cascade either (1) "resides" in the Southern District of New York or (2) "has committed acts of infringement" here *and* "has a regular and established place of business" here. 28 U.S.C. § 1400(b).

[4, ■ Under the first test, venue is improperly laid in this District because Cascade "resides" in New Jersey, not here. "The residence of a corporation under [28 U.S.C. § 1400(b)] refers solely to the state of incorporation." Brevel Products Corp. v. H. & B. American Corp., 202 F.Supp. 824, 826 (S.D.N.Y. 1962), citing Fourco Glass Co. v. Transmirra Products Corp., 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786 (1957). Since Cascade is concededly a New Jersey corporation, it is not a resident of this District for venue purposes in this type of action.

■■ Under the second test, there is proper venue in this District if there has been some act of infringement committed *here* by Cascade *and also* if Cascade has a "regular and established place of business" here. The burden is on plaintiff to show that venue is proper. Coleco Industries, Inc. v. Kransco Manufacturing, Inc., 247 F.Supp. 571, 572 (S.D.N.Y. 1965). To have a "regular and established place of business" means more than doing business so as to be present for purposes of jurisdiction in personam; there must be the carrying on of a substantial part of defendant's business on a permanent basis in a place which defendant controls. Clearasite Headwear, Inc. v. Paramount Cap Mfg. Co., 204 F. Supp. 4 (S.D.N.Y. 1962); Brevel Products Corp. v. H. & B. American Corp., above cited.

■ Plaintiff has not sustained his burden to show that Cascade has committed an act of infringement and has "a regular and established business" here. Venue is thus improperly laid here as to Cascade.

■ The situation seems to me to be one where the action ought not to be dismissed as against Cascade but in the "interest of justice" should be severed as to Cascade and the action as against Cascade then transferred to the District of

New Jersey, in which Cascade seems to have its principal place of business at Edison in Middlesex County. 28 U.S.C. § 1406(a); United Nations Korean Reconstruction Agency v. Glass Production Methods, Inc., 143 F.Supp. 248, 250 (S.D. N.Y.1956).

The motions of defendant Cascade are granted to the extent that on the ground of improper venue the action is severed as to Cascade and the action against Cascade as thus severed is transferred to the United States District Court for the District of New Jersey at Trenton, New Jersey. The motions of Cascade are in all other respects denied.

The motions of Jil-Mic are in all respects denied.

The foregoing is without prejudice to any steps plaintiff may see fit to take to add Gold Medal as a party defendant.

So ordered.