**SCHOOL DISTRICT OF PHILA-
DELPHIA et al.**

v.

**HARPER & ROW PUBLISHERS,
INC., et al.**

**Civ. A. No. 40537.**

United States District Court
E. D. Pennsylvania.

April 26, 1967.

Cohen, Shapiro, Berger & Cohen, by David Berger, and Herbert B. Newberg, Philadelphia, Pa., Dilworth, Paxson, Kalish, Kohn & Levy, by Aaron M. Fine, and Delores Korman, Philadelphia, Pa., Edward G. Bauer, City Solicitor for City of Philadelphia, Philadelphia, Pa., for plaintiffs and intervenors.

Pepper, Hamilton & Scheetz by J. B. H. Carter, and K. Robert Conrad, Philadelphia, Pa., for Harper & Row and Little, Brown & Co.

Duane, Morris & Heckscher, by Henry T. Reath, Philadelphia, Pa., for The Macmillan Co.

Dechert, Price & Rhoads, by H. Francis DeLone, and Raymond H. Midgett, Jr., Philadelphia, Pa., for McGraw-Hill Book Co.

Wolf, Block, Schorr & Solis-Cohen, by Seymour Kurland, Philadelphia, Pa., for Golden Press.

Drinker, Biddle & Reath, by Lewis H. Van Dusen, Jr., Patrick Ryan, Philadelphia, Pa., for Harcourt, Brace & World, Inc.

Schnader, Harrison, Segal & Lewis, by Edward W. Mullinix, Arthur H. Kahn, Philadelphia, Pa., for Random House, Inc. and Alfred A. Knopf, Inc.

Blank, Rudenko, Klaus & Rome, by Goncer Krestal, Philadelphia, Pa., for Franklin Watts, Inc., Children's Press, Inc.

Obermayer, Rebmann, Maxwell & Hippel, by David F. Maxwell, Philadelphia, Pa., for American News Co.

White & Williams, by Michael H. Malin, Philadelphia, Pa., for Rand McNally & Co.

Rawle & Henderson, by George M. Brodhead, Philadelphia, Pa., for Campbell & Hall, Inc.

Saul, Ewing, Remig & Saul, by Robert W. Sayre, Philadelphia, Pa., for G. P. Putnam Sons.

Donald Brown, Philadelphia, Pa., for Donald McKay Co., Inc.

Montgomery, McCracken, Walker & Rhoads, by Joseph H. Swain, Jr., Philadelphia, Pa., for Baker & Taylor.

Theodore R. Mann, Philadelphia, Pa., and Weil, Gotshal & Manges, by Donald J. Williamson, New York City, for Henry Z. Walck, Inc.

## OPINION

KRAFT, District Judge.

In this antitrust action, brought under the Clayton Act, 15 U.S.C.A. § 15, the defendant publishers, Campbell & Hall, Inc. (hereinafter C. & H.) and Henry Z. Walck, Inc. (hereinafter Walck) have moved to dismiss for improper venue.[1] Walck has also moved to quash service of process, the validity of which necessarily depends upon a finding of proper venue.

Both defendants contend that they do not so engage in the " * * * practical, everyday business or commercial concept of doing or carrying on business 'of any substantial character' * * * ", in the Eastern District of Pennsylvania as to come within § 12 of the Clayton Act.[2]

---

1. Another defendant, David McKay Co., Inc., withdrew its motion to dismiss for lack of jurisdiction, venue and insufficiency of service prior to the time fixed for argument.

2. 15 U.S.C.A. § 22.
 "Any suit, action, or proceeding under the antitrust laws against a corpora-

tion may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or *transacts* business; and all process in such cases may be served in the district of which it is an inhabitant, or wherever it may be found." (emphasis supplied)

United States v. Scophony Corp., 333 U.S. 795, 807, 68 S.Ct. 855, 92 L.Ed. 1091 (1947).

C. & H. is a Massachusetts publishing corporation with offices in Boston, Massachusetts. It has never been licensed to do business in Pennsylvania and maintains no office, real estate, telephone listing, representative or agent in the Eastern District of Pennsylvania. Its method of doing business is by solicitation of orders by telephone and by mail order catalogs and promotional materials forwarded to public libraries and schools within the Eastern District. Orders received are processed in Massachusetts and shipped in interstate commerce to purchasers in the Eastern District.

In the years shown, C. & H. made sales and deliveries in the Eastern, Middle and Western Districts of Pennsylvania in the following amounts:

| District | 1963 | 1964 | 1965 | 1966 (8 Mos.) |
|---|---|---|---|---|
| Eastern | $246,252. | $211,146. | $218,871. | $135,650. |
| Middle and Western | 224,418. | 268,615. | 268,727. | 177,665. |

The sales of C. & H. in the Eastern District comprised 2.3% of its total sales in 1963; 1.9% in 1964 and 1.7% in 1965. Advertisements by C. & H. are placed in national publications circulated within this district. C. & H. has also submitted unsuccessful bid quotations in the Eastern District during the years 1964[3], 1965[4], and 1966[5].

Walck is a New York corporation which has its principal and only offices in that state. It has never been licensed to do business in Pennsylvania. Walck has never maintained offices, real estate, telephone listing or resident agents or employees in the Eastern District.

Henry Z. Walck, Jr., a corporate officer, made five trips into the Eastern District between August, 1964 and January, 1966, as courtesy or good will calls on customers. Sales and deliveries of books into Pennsylvania have been as follows:

| District | Fiscal 1963–64 | Fiscal 1964–65 | Fiscal 1965–66 |
|---|---|---|---|
| Eastern | $23,213 Est. | $19,949. | $29,863. |
| Middle and Western | 22,685. | 27,284. | 42,951. |

The sales in the Eastern District comprised from 2.4% to 3% of Walck's total sales during these years.[6]

Walck has advertised in national and trade publications which are sold, circulated and distributed in the Eastern District. It regularly circulates promotional materials, consisting of graded catalogs, order blanks and seasonal announcement catalogs to customers within this District.

In response to the School District of Philadelphia's "Proposal for Furnishing Textbooks and General Reference

3. $56,111.36.

4. $26,302.21.

5. $1,000.

6. For the period from April 1, 1966 through December 31, 1966, Walck sold 2% of its total sales in this District.

Works", Walck has submitted bids to that School District for the periods May 1, 1965, to April 30, 1966, and May 1, 1964 to April 30, 1965.

"Whether we address ourselves to the Clayton Act criterion of where defendant 'transacts business' or the general venue statute test of 'is doing business,' the result is the same. Both require 'more than a few isolated and peripheral contacts with the particular judicial district.'"

State of New York v. Morton Salt Co., et al., 266 F.Supp. 570 (E.D.Pa.1967). In *Morton Salt*, our colleague, Judge Joseph S. Lord, III, held that the general venue statues [7] are applicable to antitrust actions.

 After independent research and analysis, we are in complete accord with Judge Lord's decision and with his interpretation of the recent case of Pure Oil Company v. Suarez, 384 U.S. 202, 203, 86 S.Ct. 1394, 16 L.Ed.2d 474 (1966). In *Pure Oil*, the Supreme Court held that the general venue statutes were relevant to expand the "residence" concept set forth in the special venue provision of the Jones Act. We think the philosophy underlying the *Pure Oil* decision is that, when Congress has enacted a liberal special venue statute, enlarging venue, (as in the Clayton Act § 12), the general venue provisions are available to supplement the special venue provisions, absent a manifestation by the Congress of a contrary restrictive intent.

 In determining whether, in fact, a company transacts business in a particular judicial district, the sum total of sundry relevant activities considered in light of the circumstances of the particular case is more the question than the predomination of one factor over another.

In applying the "ordinary and usual" [8] definition to the term "transacts business"—other courts have found the following activities, *inter alia*, to be significant: (1) good will tours, advertising, letters and mail order catalogues [9]; (2) solicitation of sales and *percentage* of total sales shipped into the district [10]; (3) substantial *dollar volume* of sales delivered into the district.[11]

 The mere fact that neither defendant is registered to do business in Pennsylvania, nor maintains any offices, telephones, real estate or resident agents here, is not dispositive, per se, of the issue whether they did, in fact, transact business here in the usual sense. Eastman Kodak Company of New York v. Southern Photo Materials Company, supra. In this age of ever-changing technology, the substitution of the long distance telephone call for the visit of the familiar drummer of the past has rendered many companies subject to the reach of Section 12 of the Clayton Act. B. J. Semel Associates, Inc. v. United Fireworks Mfg. Co., 122 U.S.App.D.C. 402, 355 F.2d 827, 832 (1965).

 After careful evaluation of all the activities of the defendants we find

---

7. 28 U.S.C.A. § 1391(c): *"Venue generally. * * * A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."* 28 U.S.C.A. § 1392(a): *"Defendants or property in different districts in same State.* (a) Any civil action, not of a local nature, against defendants residing in different districts in the same State, may be brought in any of such districts." 62 Stat. 935.

8. Eastman Kodak Co. of New York v. Southern Photo Materials Co., 273 U.S. 359, 373, 47 S.Ct. 400, 71 L.Ed. 684 (1927).

9. Wentling v. Popular Science Publishing Company, 176 F.Supp. 652, 659 (M.D.Pa. 1959).

10. School District of Philadelphia, Com. of Pennsylvania v. Kurtz Bros., et al., 240 F.Supp. 361, 363 (E.D.Pa.1956) (2.7% of total sales over a three year period) Hansen Packing Co. v. Armour & Co., 16 F.Supp. 784, 786 (D.C.N.Y. 1936) (2.49% of total business amounting to $4,000,000 transacted in State of New York).

11. Sunbury Wire Rope Mfg. Co. v. United States Steel Corp., et al., 129 F.Supp. 425, 427 (E.D.Pa.1955) ($600,000 of a total yearly volume of $100,000,000 was found to be substantial.

that they have been and still are engaged in a continuous course of conduct which constitutes a substantial transaction of business, in the ordinary and usual sense, in the Eastern District of Pennsylvania. Their business activities in the Middle and Western Districts are, similarly, of a substantial character and under the general venue statutes support venue in this District.

In view of these conclusions we deem it unnecessary to, and do not, decide the plaintiffs' final claim that the recent amendment to 28 U.S.C.A. § 1391(b) also authorizes venue in this District.