**STATE OF VERMONT and State of Maine, Plaintiffs,**

v.

**MORTON INTERNATIONAL, INC., Diamond Crystal Salt Company, International Salt Company and Cayuga Rock Salt Company, Inc., Defendants.**

**STATE OF NEW HAMPSHIRE, Plaintiff,**

v.

**MORTON INTERNATIONAL, INC., Diamond Crystal Salt Company, International Salt Company and Cayuga Rock Salt Company, Inc., Defendants.**

**Civ. Nos. 9–104, 9–105.**

United States District Court
D. Maine, S. D.

May 5, 1967.

Brice W. Rhyne, Courts Oulahan, Washington, D. C., Barnett I. Shur, Vincent R. Larson, Portland, Me., George S. Pappagianis, Atty. Gen., John Durkin, Asst. Atty. Gen., State of New Hampshire Concord, N. H., Louis P. Peck, Deputy Atty. Gen., State of Vermont, Montpelier, Vt., George C. West, Deputy Atty. Gen., State of Maine, Augusta, Me., for plaintiff.

Fred C. Scribner, Jr., Donald W. Perkins, Portland, Me., John P. Ryan, Jr., Ronald M. Dietrich, McBride, Baker, Weinke & Schlosser, Chicago, Ill., Franklin G. Hinckley, James R. Flaker, Portland, Me., Fred W. Freeman, George B. Martin, Dickinson, Wright, McKean & Cudlip, Detroit, Mich., John A. Mitchell,

---

John W. Philbrick, Portland, Me., John M. Hall, H. Erik Lund, Choate, Hall & Stewart, Boston, Mass., Howard F. Ordman Putney, Twombly, Hall & Skidmore, New York City, Edward J. Berman, Theodore H. Kurtz, Portland, Me., Bruno A. Mazza, Jr., Bryant, Mazza & Williamson, Ithaca, N. Y., for defendant.

## MEMORANDUM OF OPINION AND ORDER OF THE COURT DENYING DEFENDANT CAYUGA'S MOTIONS TO DISMISS FOR IMPROPER VENUE

GIGNOUX, District Judge.

In each of these cases the defendant Cayuga Rock Salt Company, Inc., has filed a motion to dismiss the complaint against it and to quash the return of service of process pursuant to Fed.R. Civ.P. 12(b)(3) on the ground of improper venue. The sole issue raised by these motions is whether the defendant Cayuga is "an inhabitant" of, or "may be found" in, or "transacts business" in the District of Maine, within the meaning of Section 12 of the Clayton Act, 15 U.S.C. § 22 (1964), which provides:

> Any suit, action, or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business; and all process in such cases may be served in the district of which it is an inhabitant, or wherever it may be found.

It is conceded that the defendant Cayuga was not "an inhabitant" of the District of Maine, nor was it to be "found" in the District of Maine at any time here relevant. It is also conceded that if venue is proper as to this defendant under Section 12, the service of process upon it also is proper. United States v. Burlington Indus., Inc., 247 F.Supp. 185, 188 (S.D.N.Y.1965); Bruner v. Republic Acceptance Corp., 191 F. Supp. 200, 203 (E.D.Ark.1961). The more specific issue presented by the motions, therefore, is whether, at the relevant times, the defendant Cayuga was transacting business within the District of Maine for the purpose of venue within the meaning of Section 12.

The Supreme Court has enunciated the broad principles governing the interpretation of the words "transacts business" in Section 12 in at least three cases, upon which counsel for both parties rely, Eastman Kodak Co. of New York v. Southern Photo Materials Co., 273 U.S. 359, 47 S.Ct. 400, 71 L.Ed. 684 (1927); United States v. Scophony Corp. of America, 333 U.S. 795, 68 S.Ct. 855, 92 L.Ed. 1091 (1948); United States v. National City Lines, Inc., 334 U.S. 573, 68 S.Ct. 1169, 92 L.Ed. 1584 (1948). The leading case is, of course, the *Eastman Kodak* case, in which the Court thus stated the applicable rule: "A corporation is engaged in transacting business in a district * * * if in fact, in the ordinary and usual sense, it 'transacts business' therein of any substantial character." *Eastman Kodak*, supra, 273 U.S. at 373, 47 S.Ct. at 403. Both parties have cited to this Court numerous cases in which the lower federal courts have applied this standard. See, e. g., Jeffrey-Nichols Motor Co. v. Hupp Motor Car Corp., 46 F.2d 623 (1st Cir. 1931); Eastland Constr. Co. v. Keasbey & Mattison Co., 358 F.2d 777 (9th Cir. 1966); Levin v. Joint Comm. on Accreditation of Hospitals, 122 U.S.App.D.C. 383, 354 F.2d 515 (1965); Sunbury Wire Rope Mfg. Co. v. United States Steel Corp., 230 F.2d 511 (3d Cir. 1956); City of Philadelphia v. Morton Salt Co., 248 F.Supp. 506 (E.D.Pa.1965); School Dist. of Philadelphia, Com. of Pa. v. Kurtz Bros., 240 F.Supp. 361 (E.D.Pa.1965); Commonwealth Edison Co. v. Federal Pac. Elec. Co., 208 F.Supp. 936 (N.D.Ill. 1962); Wentling v. Popular Science Publishing Co., 176 F.Supp. 652 (M.D. Pa.1959). But, as counsel agree, the application of the standard in a particular case must depend upon the specific factual situation presented by each such case.

In the present action, it is sufficient to note that the record before this Court on these motions discloses without contravention that from at least January 1, 1959, through October 1966 (when the actions were commenced), to at least February 1, 1967, the defendant Cayuga has been continuously and on a regular basis transacting business of a substantial character in the District of Maine, and so far as appears from the present record, intends to continue doing so, by the shipment and sale, both through distributors and directly to public and private customers in the State of Maine, of substantial quantities of rock salt produced by it.

Accordingly, the Court being persuaded beyond any doubt that the defendant Cayuga was transacting business in the District of Maine within the meaning of Section 12 of the Clayton Act at any presently relevant time, the motions to dismiss these actions against this defendant for improper venue are denied.

It is so ordered.