**Richard J. CUSICK, on behalf of himself and all others similarly situated,**

**v.**

**N. V. NEDERLANDSCHE COMBINATIE VOOR CHEMISCHE INDUS-TRIE et al.**

**Civ. A. No. 68–2457.**

United States District Court
E. D. Pennsylvania.

Sept. 15, 1969.

Aaron M. Fine, Dilworth, Paxson, Kalish, Kohn & Levy, Philadelphia, Pa., and Calfee, Halter, Calfee, Griswold & Sommer, Cleveland, Ohio, for plaintiff Richard J. Cusick.

Harold Davis, Davis & Davis, New York City, and S. Gerald Litvin, Litvin & Rutter, Philadelphia, Pa., for defendant Walker Chemicals, Inc.

## OPINION AND ORDER

WOOD, District Judge.

This is a class action on behalf of users of the heart drug quinidine against the named defendants for treble damages to redress alleged price fixing and monopolization by them in violation of Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1, 2. Before us is a motion to dismiss or for summary judgment for lack of venue and inadequate service of process in respect to the defendant Walker Chemicals, Inc.

 Congress has specially provided in Title 15 U.S.C. § 22 that:

"Any suit, action, or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business; and all process in such cases may be served in the district of which it is an inhabitant, or wherever it may be found."

Since Walker was concededly served at its principal place of business in Mt. Vernon, New York, service was clearly proper under this provision and the only question remaining is whether venue is proper in this district. This turns upon whether Walker "transacts business" in the district as contemplated by 15 U.S.C. § 22.

 At the outset we note that the phrase "transacts business" was included in the statute to "increase the number of districts in which a corporation might be sued for violation of the antitrust laws", American Football League v. National Football League, 27 F.R.D. 264 (D.Md.,1961) and to relieve those injured by violations of the act from the "often insuperable obstacle of resorting to distant forums for redress of wrongs." United States v. Scophony Corp. of America, 333 U.S. 795, 68 S.Ct. 855, 92 L.Ed. 1091 (1948). Further, it has been held that the amount of business which must be transacted by a corporate defendant in a given district to support venue under 15 U.S.C. § 22 is less than the "doing business" necessary to sustain venue under the general venue statute, 28 U.S.C. § 1391; Jeffrey-Nichols Motor Co. v. Hupp Motor Car Corp., 46 F.2d 623 (1st Cir. 1931); Friedman v. United States Trunk Co., Inc., 30 F.R.D. 148 (S.D.N.Y.1962). Although each case must depend upon particular facts and circumstances, generally venue is sustained "if in fact, in the ordinary and usual sense, it 'transacts business' therein of any substantial character." Eastman Kodak Co. of New York v. Southern Photo Materials Co., 273 U.S. 359, 373, 47 S.Ct. 400, 403, 71 L.Ed. 684 (1927). Solicitation within the district is not required. Sunbury Wire Rope Mfg. Co. v. United States Steel Corp., 129 F.Supp. 425 (E.D.Pa.1955). Nor is it required that the defendant maintain an office, place of business, or agent within the district, Jeffrey-Nichols Motor Co. v. Hupp Motor Car

Corp., *supra,* but the transaction must be regular and continuous. American Football League v. National Football League, *supra,* "* * *. Whether or not a defendant is 'transacting' business in a particular district should not and does not depend on whether or not a defendant corporation or its overall sales are large or small. The important thing is whether or not the sales would appear to be substantial from the average businessman's point of view." *Sunbury Wire, supra,* at p. 427.

■ Under these standards, we think that Walker's operations in the Eastern District of Pennsylvania are clearly substantial and continuous and that venue with respect to it must be sustained. It is admitted that the President of Walker, John H. Walker, travelled into Pennsylvania "to engender and retain good will of customers [and] to keep the name of [Walker] in the minds of the customer" four times in 1963, three times in 1964, three times in 1965, four times in 1966, and three times in 1967 and 1968; that the company has been in continuous contact with customers in Pennsylvania by letter and telephone for the past six years to quote prices, solicit sales, and take orders;[1] and that during this six-year period, the company had an aggregate of 23 Pennsylvania accounts, averaging about six or eight Pennsylvania accounts per year. Shipments into the Eastern District of Pennsylvania were made in the past several years in the following amounts:

| 1963 | $12,047.70 |
|------|------------|
| 1964 | 84,493.44 |
| 1965 | 56,065.95 |
| 1966 | 43,535.15 |
| 1967 | 37,919.57 |
| 1968 | 42,229.61 |

Similarly, the percentages of total sales in the Eastern District of Pennsylvania and Western District of Pennsylvania to total annual sales[2] of Walker in the past several years were:

| | Gross Annual Sales | Percentage in Pennsylvania |
|------|-------------------|----------------------------|
| 1963 | $310,113.00 | 4% |
| 1964 | 467,528.00 | 16½% |
| 1965 | 545,754.00 | 10⅓% |
| 1966 | 853,313.00 | 5% |
| 1967 | 593,540.00 | 6⅖% |
| 1968 | 665,757.00 | 6⅓% |

As a practical matter Walker transacts substantial business in Pennsylvania and venue is properly asserted in the Eastern District of Pennsylvania.

Accordingly, the defendant's motions must be denied.

1. "In this age of ever-changing technology, the substitution of the long distance telephone call for the visit of the familiar drummer of the past has rendered many companies subject to the reach of Section 12 of the Clayton Act." (citation omitted) School District of Philadelphia v. Harper & Row Publishers, 267 F.Supp. 1006, 1009 (E.D.Pa., 1967).

2. Sales of comparable or lesser amounts into a judicial district were held sufficient to sustain venue in School District of Philadelphia v. Harper & Row Publishers, Inc., 267 F.Supp. 1006 (E.D.Pa. 1967); School District of Philadelphia, Com. of Pa. v. Kurtz Bros., 240 F.Supp. 361 (E.D.Pa.1965).