**STATE OF ILLINOIS, Plaintiff,**

v.

**HARPER & ROW PUBLISHERS, INC.,
et al., Defendants (and related cases).**

**No. 67 C 1899.**

United States District Court
N. D. Illinois, E. D.

Oct. 10, 1969.

See also, D.C., 301 F.Supp. 484.

---

## MEMORANDUM OPINION

DECKER, District Judge.

This is another chapter in the consolidated discovery and pretrial proceedings pending in this court pursuant to transfers made under 28 U.S.C. § 1407.

■ Presently before the court are the motions of six defendants in various actions to quash service of process and dismiss the actions for improper venue. Defendants maintain that they are not inhabitants of the forum districts, are not found there, and transact no business there within the meaning of § 12 of the Clayton Act, 15 U.S.C. § 22. That provision is directed to the place for venue and service in antitrust actions against corporations, and provides:

> "Any suit, action, or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business; and all process in such cases may be served in the district of which it is an inhabitant, or wherever it may be found."

Accordingly, if venue in the forum districts was proper, extraterritorial service upon defendants at their places of inhabitancy was permissible.[1]

■ The term "transacts business" has been defined to mean "[t]he practical, everyday business or commercial concept of doing or carrying on business 'of any substantial character' * * *." United States v. Scophony Corporation, 333 U.S. 795, 807, 68 S.Ct. 855, 862, 92 L.Ed. 1091 (1948). As applied by the lower courts, the term "embraces elements of substantiality of business done, with continuity in character, regularity, contemporaneousness with time of service, and not looking toward cessation of business." Commonwealth Edison Co. v. Federal Pacific Electric Co., 208 F.Supp. 936 (N.D.Ill.1962). Factors to be considered also include the extent of business solicitation and promotion within the district, both in person and by mail or telephone.[2]

■ Applying these tests to the evidentiary matter submitted herein, this court has concluded that movants Viking Press, Inc.,[3] Thomas Y. Crowell Co., Inc.,[4] William Morrow & Company,[5] and David McKay Company, Inc.,[6] are transacting business in the relevant districts. Accordingly, their motions to dismiss are denied.

■ These defendants all make substantial sales to persons in the forum districts,[7] and have done so continuously for a number of years. Additionally, they each are represented by salesmen who visit the relevant states, and each sends catalogs and other promotional and advertising material into these states. "A continuous course of conduct which includes the shipment of goods and the

---

1. State of Wisconsin, 68 C 2014, was not brought under § 22 and will be considered separately, *infra.*

2. Eastman Kodak Company v. Southern Photo Material Company, 273 U.S. 359, 374, 47 S.Ct. 400, 71 L.Ed. 684 (1927); School District of Philadelphia v. Kurtz Bros., 240 F.Supp. 361 (E.D.Pa.1965).

3. 68 C 1999, 68 C 2014, 68 C 2040, 68 C 2041, 69 C 797, 69 C 1203, 69 C 1412.

4. 68 C 1999, 69 C 1412.

5. 68 C 1999, 69 C 1412.

6. 68 C 1999.

7. Defendants emphasize that all sales are accepted outside of the forum state, and all shipments are F.O.B. at states other than the forum. However, § 22 is not controlled by "hair splitting legal technicalities." Commonwealth Edison Co. v. Federal Pacific Electric Co., *supra*, 208 F.Supp. at 941.

solicitation of business does constitute transacting business." School District of Philadelphia v. Kurtz Bros., *supra*, 240 F.Supp. at 363.

Viking Press has challenged venue in actions brought originally in courts in Arizona, Kansas, Wisconsin and Minnesota. Yet Viking admits by answers to interrogatories that its salesmen make periodic visits to these states, and its estimated sales for fiscal 1968 in each of the relevant states are as follows:

| Arizona | Kansas | Wisconsin | Minnesota |
|---------|--------|-----------|-----------|
| $28,225 | $31,643 | $57,300 | $130,850 |

The affidavits and answers to interrogatories filed by defendant Crowell show significant sales in the forum states, amounting to $45,172 in Kansas in 1967 and $39,470 in Arizona in 1968.[8] In addition, Crowell is represented by a commission salesman who makes periodic visits to solicit sales in these states and by a "traveler" who promotes sales, although he himself takes no orders. Other promotional efforts in the form of catalogs and advertising in the forum states amounted to estimated expenditures of $3,770 in Kansas and $2,895 in Arizona in fiscal 1968.

As to defendant Morrow, its sales amounted to $14,926 in Kansas in 1967 and $24,000 in Arizona in 1968. It is represented in both states by a commission salesman who visits each approximately three times per year for a week at a time, and it has a salaried salesman who visits Kansas approximately six times each year. $200 per year is spent for catalogs and other promotional materials sent into each state.

Defendant McKay's sales in Kansas totaled $8,665 in 1967. A salesman visits the state twice a year, as does a traveler. An estimated $200 was spent in 1968 to distribute over 1400 catalogs in the forum state.

Defendants point out that they are neither incorporated nor licensed to do business in the forum states, nor do they own real estate or maintain offices or telephones in these states. The absence of these particular business activities reflects only movants' choices as to how to conduct their sales programs in these states, and is not dispositive of the issue in light of defendants' admitted solicited sales. See School District of Philadelphia v. Harper & Row Publishers, Inc., 267 F.Supp. 1006 (E.D.Pa. 1967).[9]

Applying the aforementioned tests of substantiality to the answers to interrogatories of movants Cosmo Book Distributing Co.[10] and DeWolfe and Fiske Co.[11] conclusively shows that these companies do not transact business in the relevant districts within the meaning of 15 U.S.C. § 22. Cosmo has neither solicited, sold, nor purchased in Minnesota from 1959 to 1968. DeWolfe has similarly engaged in no promotional efforts in Minnesota, and has made no sales, its sole contact with the state being purchases from Minnesota sellers which did not exceed $1,000 in value until 1968. Although purchasing may, of course, con-

---

8. Movants Crowell, Morrow and McKay have stated that figures quoted herein are representative of other pertinent years.

9. Defendants emphasize the importance of comparing sales within the district to total nationwide sales. This approach was properly rejected, however, in United States v. Burlington Industries, Inc., 247 F.Supp. 185, 187 (S.D.N.Y.1965), because of its necessary bias in favor of large corporations.

10. 69 C 1203.

11. 68 C 2040, 69 C 797, 69 C 1203.

stitute transaction of business,[12] these insignificant sums in the absence of other contacts do not satisfy the substantiality test.

Plaintiffs maintain, however, that the general venue provisions of the Judicial Code supplement the Clayton Act venue statute and support jurisdiction here even if the tests of § 22 are not met. The provision relied on is 28 U.S.C. § 1391(b), which provides:

"A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law."

■ This court finds it unnecessary to determine whether § 1391(b) applies in antitrust cases,[13] for even assuming that it does, the plaintiffs' claims did not arise in the forum district. A holding to the contrary would, in effect, be an adoption of the "co-conspirator" theory of 15 U.S.C. § 22, which states that presence of one alleged co-conspirator in the district establishes venue as to all, for it would grant venue as to all defendants merely because sales by some occurred in the district. Just as the "co-conspirator" theory has been widely rejected as an attempt to evade the legislative limitations on venue in antitrust actions,[14] so also must the suggested application of § 1391(b) to the facts in these cases be rejected.

■ The conclusion that venue is improper in the districts in which these actions were originally brought, and thus that jurisdiction was not validly obtained over these defendants, does not require that the actions be dismissed. 28 U.S.C. § 1406(a) provides:

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

§ 1406(a) was designed to avoid the "time consuming and justice defeating technicalities" to which dismissal for improper venue necessarily gives rise. Goldlawr, Inc. v. Heiman, 369 U.S. 463, 467, 82 S.Ct. 913, 8 L.Ed. 39 (1962). Because no purpose would be served by dismissal of these actions, I have decided that they shall be severed[15] from the main actions and transferred at the conclusion of these pretrial proceedings. In accordance with Cosmo's suggestion, case 69 C 1203 will be transferred as to that defendant to the Northern District of Illinois. The cases involving DeWolfe will be transferred as to that defendant to the District of Massachusetts, its state of incorporation. See 15 U.S.C. § 22.

■ In the State of Wisconsin case, 68 C 2014, defendants William Morrow & Co. and Thomas Y. Crowell Co. were served with process pursuant to the Wisconsin Business Corporation Act. Invoking Title 17 W.S.A. § 180.847(4), plaintiff served these movants by delivering the complaint and summons to the Wisconsin Secretary of State and mailing copies thereof to movants' New York offices. However, this section in terms only authorizes such service on cor-

12. See Crusader Marine Corporation v. Chrysler Corporation, 281 F.Supp. 802 (E.D.Mich.1968), where purchases in the district approximated two million dollars per year.

13. See Philadelphia Housing Authority v. American Radiator & Standard Corporation, 291 F.Supp. 252 (E.D.Pa.1968); cf. 1 Moore, Federal Practice, ¶ 0.142 (4) at pp. 1480–1481.

14. See Bankers Life and Casualty Co. v. Holland, Chief Judge, 346 U.S. 379, 384, 74 S.Ct. 145, 98 L.Ed. 106 (1953); Commonwealth Edison Co. v. Federal Pacific Electric Co., supra, 208 F.Supp. at 941; Philadelphia Housing Authority v. American Radiator & Standard, supra, 291 F.Supp. at 261.

15. The propriety of severance is discussed in Rains v. Cascade Industries, Inc., 258 F.Supp. 974 (S.D.N.Y.1966); United Nations Korean Reconstruction Agency v. Glass Production Methods, Inc., 143 F.Supp. 248 (S.D.N.Y.1956).

porations "transacting business in this state without a certificate of authority, if a certificate of authority is required under this chapter * * *." Defendants are not required to have such a certificate because their contacts with Wisconsin are limited to sales promotion and solicitation by traveling salesmen and promotional material, with all sales accepted outside of the state. And Title 17 W.S.A. § 180.801 provides in pertinent part:

> "(3) Without excluding other activities which may not constitute transacting business, * * * a foreign corporation may, without procuring a certificate of authority, carry on in this state any one or more of the following activities:
>
> \* \* \* \* \* \*
>
> (d) Soliciting or procuring orders, whether by mail or through employees or agents or otherwise, where such orders require acceptance without this state before becoming binding contracts."

Because movants were not required to have a certificate of authority, § 180.847 (4) does not apply and the substituted service was invalid.[16] The motions to dismiss must therefore be granted as to these defendants.

For the reasons heretofore assigned, an order has been entered today denying all motions to dismiss except the motions of Crowell and Morrow in case No. 68 C 2014, which are granted. Said order will also provide for the transfer of case No. 69 C 1203, as to Cosmo Book Distributing Co., to the Northern District of Illinois, and cases Nos. 68 C 2040, 69 C 797 and 69 C 1203, as to DeWolfe & Fiske Co., to the District of Massachusetts, at the conclusion of these pretrial proceedings.

16. Plaintiff's reliance on Title 25 W.S.A. § 262.06 is improper, for the service did not meet the requirement of § 262.06(5) (c) that it be made on "an agent au-

thorized by appointment or by law * *." And Title 17 W.S.A. § 180.11 is also inapplicable, for it deals only with Wisconsin corporations. See § 180.02(1).