**OHIO–MIDLAND LIGHT AND POWER CO., Plaintiff,**

v.

**OHIO BRASS COMPANY et al., Defendants.**

**BUCKEYE RURAL ELECTRIC CO-OP, Inc., et al., Plaintiffs,**

v.

**OHIO BRASS COMPANY et al., Defendants.**

Civ. A. Nos. 6219, 6220.

United States District Court
S. D. Ohio, E. D.
June 23, 1962.

George, Greek, King & McMahon, Columbus, Ohio, for plaintiff.

Dresbach, Crabbe, Newlon, Collopy & Bilger, Columbus, Ohio, for General Electric Co.

Vorys, Sater, Seymour & Pease, Columbus, Ohio, for Porcelain Insulator Corp., A. B. Chance Co., & H. K. Porter Co., Inc.

Power, Griffith & Jones, Columbus, Ohio, for Edison-McGraw Co.

Wright, Harlor, Morris, Arnold & Glander, Columbus, Ohio, for I. T. E. Circuit Breaker Co.

WEINMAN, Chief Judge.

This matter is before the Court upon the motions of Lapp Insulator Company, Inc., one of eight defendants in these treble damage actions, to dismiss these actions as to said defendant on the ground that venue is improper in the Southern District of Ohio.

The defendant Lapp Insulator Company, Inc. (hereinafter referred to as Lapp) is incorporated in the State of New York and asserts that it manufactures insulators and other products with its sole place of business being in Le Roy, New York.

The defendant corporation has filed, in support of its motions to dismiss, an affidavit made by its Executive Vice President.

Said affidavit provides in part:

"Director's and stockholders' meetings of Lapp are held at Le Roy, New York.

"No officer, director or employee of Lapp resides in Ohio.

"No employee of said Company makes regular calls on customers within the Southern District of Ohio. Infrequent good will visits.

are made on individual customers, no attempt being made to cover all possible purchasers.

"Two independent concerns located in the Southern District of Ohio solicit orders for Lapp's products: for insulators, Harry Fisher Associates, Inc., having offices in Cleveland and Columbus, Ohio; for other products, White Industrial Sales and Equipment Company, having offices in Cincinnati, Ohio.

"Lapp has no ownership or financial interest in either of the above named concerns.

"All of Lapp's sales representatives, including Harry Fisher Associates, Inc. and White Industrial Sales and Equipment Company, are completely independent of Lapp. Lapp has no control over their location, facilities, financial operations, and the like. Such agents are compensated by a commission based upon consummated sales.

"Orders obtained by Harry Fisher Associates, Inc., White Industrial Sales and Equipment Company, and Lapp's other sales representatives must be accepted by Lapp at its offices in Le Roy, New York. Shipments are made by Lapp f. o. b. factory by common carrier directly to customers in Ohio from its plant in Le Roy, New York. Bills are sent directly to customers from Lapp's offices in Le Roy, New York.

"Neither Lapp nor either of its independent sales representatives in Ohio maintains a stock of Lapp's products in Ohio.

"Lapp's products are delivered in Ohio exclusively by common carrier, having been sold f. o. b. Le Roy, New York.

"Lapp's total shipments into the Southern District of Ohio during the year 1960 amounted to $47,031.-83 and constitute .34% (34/100%) of Lapp's total shipments of $14,-258,614.00.

"Lapp neither owns nor leases any real or personal property in the State of Ohio, maintains no bank account there, does no local advertising, and has no licenses or permits from the State of Ohio or any municipal subdivision thereof. Lapp's only registration in Ohio is with the Ohio Department of Revenue for the purpose of forwarding to that Department use tax on its products shipped into the State of Ohio from points outside thereof, particularly Le Roy, New York, its plant's location.

"Lapp's purchasing department can recall no company in Ohio from which Lapp purchases any goods or supplies. Lapp has neither borrowed nor loaned any money in Ohio.

"Lapp has done no business whatsoever with the plaintiff, Ohio-Midland Light and Power Co., since 1954, in which year one lot of insulators was purchased by said plaintiff from Lapp, said purchase totalling $269.00. In 1946, there was a sale of hardware for $88.00, and in 1953, hardware was sold in the amount of $302.00. No business of any character has been transacted between the plaintiff and Lapp since 1954."

It should be noted that plaintiffs state in their memoranda in opposition to the instant motion that the 1961 Columbus Telephone Directory shows that defendant Lapp is listed therein at page 302, as follows: "Lapp Insulator Co., Inc., 2266½ E. Main, BE 5-8619." However, the significance of this listing is minimized after a reading of the above quoted affidavit since the defendant Lapp's sales representative in Columbus is completely independent of defendant Lapp. As stated in the affidavit: "Lapp has no control over their [sales representatives] location, facilities, financial operations, and the like." And of course, facts disclosed by an uncontroverted affidavit are accepted as true. See Williams v. Baltimore & Ohio Railroad Com-

**408**

pany and three other consolidated cases, 303 F.2d 323 (6th Cir., 1962)

In determining whether venue is proper within this district, Title 15 U.S.C.A. § 22 must be examined. It provides as follows:

"Any suit, action, or proceeding under the antitrust laws against a corporation may be brought not only *in the judicial district whereof it is an inhabitant*, but also in any district *wherein it may be found or transacts business;* and all process in such cases may be served in the district of which it is an inhabitant, or wherever it may be found." (Emphasis added).

See also, for purposes of comparison, Title 28 U.S.C.A. § 1391(c) which provides:

"A corporation may be sued in any judicial district *in which it is incorporated or licensed to do business or is doing business*, and such judicial district shall be regarded as the residence of such corporation for venue purposes." (Emphasis added).

■ Though it is clear that the "transacting business" test can be met by fewer local contacts than the "doing business" test requires, Raul International Corporation v. Nu-Era Gear Corp., 28 F.R.D. 368, 370 (D.C.N.Y.1961), it is also clear that before a corporation may be held to be "transacting business" in a district it must in the ordinary and usual sense "transact business" therein of any substantial character. United States v. Scophony Corporation of America, 333 U.S. 795, 68 S.Ct. 855, 92 L.Ed. 1091 (1948) and Eastman Kodak Company of New York v. Southern Photo Materials Company, 273 U.S. 359, 373, 47 S.Ct. 400, 71 L.Ed. 684 (1927).

■■ As stated by Judge Edwin A. Robson in his recent decision in Commonwealth Edison Company v. Federal Pacific Electric Company, 208 F.Supp. 936, 940, 941 (D.C.N.D.Ill.1962) wherein he granted the motion of a corporate defendant to dismiss for lack of venue:

"While the phrase 'transacts business' in the venue provision of the statute (15 U.S.C.A. § 22) has been held to have the broadest connotation of all the antitrust statutes for venue purposes, still it embraces elements of substantiality of business done, with continuity in character, regularity, contemporaneousness with time of service, and not looking toward cessation of business. * * *

"The term 'transacting business' is to be construed in the ordinary and practical, everyday, usual commercial sense, instead of the previous, 'hair-splitting legal technicalities encrusted upon the "found,"— "present" — "carrying-on-business" sequence.' * * * " [Footnotes omitted].

■ Even applying this broad definition of "transacting business," this Court concludes that the contacts of defendant Lapp within this district are not sufficient to constitute "transacting business" within the district.

■ One further point must be considered. The plaintiff argues, relying upon Giusti v. Pyrotechnic Industries, 156 F.2d 351 (9th Cir., 1946), that defendant Lapp transacted business in this district when its co-conspirators made sales to plaintiffs and others in the district pursuant to the conspiracy. This Court rejects such a theory just as Mr. Justice Frankfurter did by way of dictum in his dissenting opinion in Bankers Life & Casualty Co. v. Holland, Chief Judge, 346 U.S. 379 beginning at 385, 74 S.Ct. 145 at 149, 98 L.Ed. 106 (1953). To the same effect, Bertha Building Corporation v. National Theatres Corporation, 248 F.2d 833 (2 Cir., 1957); Independent Productions Corporation v. Loew's Incorporated, 148 F.Supp. 460 (D.C.S.D.N.Y.1957) and Commonwealth Edison Company, supra.

Accordingly, the motions of defendant Lapp Insulator Company, Inc. to dismiss

these actions as to said defendant are hereby sustained.

No entry required of counsel; the Clerk shall enter judgment as herein provided.