**RHODE ISLAND FITTINGS COMPANY,**
Plaintiff,

v.

**GRINNELL CORPORATION, J. D. Fleming, Stockham Valves and Fittings, Inc., The Grabler Manufacturing Company, and Hajoca Corporation, Defendants.**

Civ. A. No. 3038.

United States District Court
D. Rhode Island.
March 21, 1963.

C. Keefe Hurley, Boston, Mass., and James A. Higgins, Providence, R. I., for plaintiff.

Roger T. Clapp, Providence, R. I., and Frank A. Fritz, Sr., New York City, for defendants Grinnell Corp. and J. D. Fleming.

Thomas R. Wickersham, Providence, R. I., Douglas Arant and John H. Morrow, Birmingham, Ala., and Robert A. Bicks and Alan S. Ward, New York City, for defendant Stockham Valves and Fittings, Inc.

William H. Edwards and Frederick Lippitt, Providence, R. I., and Robert A. Smith, Baltimore, Md., for defendant Grabler Mfg. Co.

Matthew W. Goring, Providence, R. I., and Matthew J. Broderick, Philadelphia, Pa., for Hajoca Corp.

CAFFREY, District Judge.*

On November 20, 1962, plaintiff Rhode Island Fittings Company filed a civil antitrust action naming as defendants Grinnell Corporation; J. D. Fleming, President of Grinnell; Stockham Valves and Fittings, Inc.; The Grabler Manufacturing Company; and Hajoca Corporation. The complaint alleges violations by all defendants of Sections 1 and 2 of the Sherman Act, 15 U.S.C.A. §§ 1, 2, in the field of malleable iron pipe fittings and unions, and recites that each of the defendants transacts business in the District of Rhode Island and throughout the United States.

Three of the defendants, Stockham, Grabler, and Hajoca, acting pursuant to Rule 12(b), Federal Rules of Civil Procedure, filed motions to dismiss and quash return of service. The motions are substantially the same, each of these defendants alleging in its motion that it is not a resident, is not found, is not qualified to do business, and does not transact business, in the District of Rhode Island. All motions allege that the venue requirements of Section 12 of the Clayton Act are not satisfied by plaintiff.

Each of the three defendants has filed one or more affidavits of its corporate officers in support of its motion and plaintiff has accepted the affidavits as true for purposes of these motions. No counter-affidavit was filed by plaintiff as to any of the three moving defendants. Since each motion must be decided on the basis of the affidavit filed in support of it, I will treat the motions *seriatim*.

I.

■■ Stockham is not qualified or licensed to do business in Rhode Island, has not paid a Rhode Island franchise or license tax, or filed a tax return here. It has not designated or had an agent for the service of process in Rhode Island and has no office, factory, warehouse, repair or research facility, or any other place of business here. No officer, director, employee, salesman, or agent resides, is located, or has an office in Rhode Island. Stockham has no telephone or telephone listing here. It has not owned real estate or other property in this State, nor has it leased any premises here, nor has it maintained either a bank account or corporate books and records in this State. During the period July 1960 through October 1962, certain shipments have been made by Stockham to points or customers inside Rhode Island. All such shipments have been made by common carrier, usually F.O.B. shipping point. These shipments may be classified as follows:

On occasion, as an accommodation to an independent jobber located outside of Rhode Island, and at that jobber's direction, Stockham during the period July 1960 through October 1962 has made shipments to customers of that jobber in Rhode Island. These shipments amounted to $5,111 in the last six months of 1960, $801 during the calendar year 1961, and $790 during the first ten months of the calendar year 1962. Percentagewise, these shipments constituted respectively .0590, .0041 and .0046 per cent of Stockham's total business for each of the three periods.

* Sitting by designation.

The second category of shipments were direct shipments to Grinnell Corporation in Rhode Island. These amounted to $548 in the last six months of 1960, $3,425 during the calendar year 1961, and $2,464 during the first ten months of 1962. These sales constitute .0063, .0176 and .0142 per cent of Stockham's total business for each of the three periods.

The third category of shipments were those made to Stockham customers. These amounted to $3.00 for the last six months of 1960, $1,219 for the calendar year 1961, and to a $21.00 loss for the first ten months of 1962.

Adding these figures, it appears that the total for all shipments by Stockham into Rhode Island amounted to $5,662 in the last six months of 1960 or .0653% of its total business for that period; $5,445 during the calendar year 1961 or .0280% of its total business for that year; and $3,233 during the first ten months of 1962 or .0186% of its total business for that ten month period. Limiting this analysis to the value of malleable pipe fittings and unions—the only product lines involved herein—the figures are reduced to $1,633 for the last six months of 1960, $2,575 for the calendar year 1961, and $5.00 for the first ten months of 1962.

It further appears that almost all of the shipments of malleable fittings and unions made to Grinnell during 1961 were made when production at Grinnell's plant in Pennsylvania was curtailed because of a strike. Excluding shipments made to Grinnell during the strike emergency, the dollar value of malleable fittings and unions shipped to Grinnell in Rhode Island during 1961 was $27.39.

■■ The burden of proof on the issue of venue concededly rests upon plaintiff. Whether a corporation "transacts business" in a particular District is a question of fact in its ordinary untechnical meaning, the answer to which turns on an appraisal of the unique elements of a particular situation. In order to require a defendant to answer to a complaint of this type, plaintiff must satisfy this Court that "The business transacted must be of a substantial character, and it must have some degree of continuity. Mere isolated or sporadic contacts are not sufficient." Bruner v. Republic Acceptance Corp., 191 F.Supp. 200, 203 (E.D.Ark.1961). Plaintiff has failed to establish by a preponderance of the evidence that Stockham's activities in Rhode Island can be deemed to be of substantial character within the meaning of United States v. Scophony Corp. of America, 333 U.S. 795, 68 S.Ct. 855, 92 L.Ed. 1091; Eastman Kodak Co. of New York v. Southern Photo Materials Co., 273 U.S. 359, 47 S.Ct. 400, 71 L.Ed. 684.

II.

■ Hajoca is engaged in the wholesale distribution of plumbing, heating, air-conditioning, industrial and refrigeration supplies, and has a principal place of business at Ardmore, Pennsylvania. It does not manufacture or produce pipe fittings or unions—the product line involved in this case. Nor, for that matter, does it manufacture or produce any other product. It is not registered or licensed to do business in Rhode Island, has no office, factory, warehouse, or lease of real estate or other facility here. It has no bank account or funds or personal property in this State. None of its officers, employees, or sales representatives reside or are located in Rhode Island; and no officer, employee, sales representative or sales agent solicits orders in Rhode Island for the products sold and distributed by Hajoca.

Hajoca has sold miscellaneous tools and grinding wheels to Grinnell f. o. b. shipping points located outside of Rhode Island. In 1961 these sales amounted to a dollar value of $3,555, which was 1/10th of 1% of total sales of all products. In the first ten months of 1962 Hajoca sold $10,625 worth of these products to Grinnell, the equivalent of less than 3/10ths of 1% of Hajoca's total sales of all products. These sales were solicited by telephone from offices of Hajoca located outside of Rhode Island. Hajoca does not solicit

orders by mail or telephone from anyone other than Grinnell located in Rhode Island, nor does it ship any other products into Rhode Island. None of the products shipped to Grinnell were pipe fittings and unions, the product line involved in this case.

The evidence with regard to Hajoca's business conduct in Rhode Island establishes that it deals with only one customer, that it deals with that customer in connection with product lines not involved in this case, and that it is not transacting business of a substantial character in this District. Plaintiff has failed to sustain its burden of proof on the venue issue as regards defendant Hajoca.

### III.

The situation of the defendant Grabler is similar to that described with reference to defendants Stockham and Hajoca as to many of the factors usually evaluated in determining whether or not a defendant is doing business in a given Federal district for purposes of Section 12 of the Clayton Act.

Grabler has not been qualified or obtained a license to do business in this State; it has filed no tax return here since its incorporation in 1902; it has not designated an agent here for the service of process; it has no office, factory, warehouse, repair or research facility, or any actual place of business herein; it maintains no telephone or telephone listing, no bank account, and no books of record in the State. I find, however, that in each of the years 1961 and 1962 Louis J. Smoller, a sales representative whose official title is Manager of the Medford, Massachusetts warehouse, made seven trips into Rhode Island which, he stated in his affidavit, are "classified as good will trips."[1] In the course of these trips he called on "accounts." I read "calling on accounts" as a euphemism for soliciting business from potential customers. Mr. Smoller concedes that these accounts are distributors that he "makes aware of the nature of our company's product;" that he "leaves with them a copy of Grabler's current catalogue, price list and discount schedule;" that he is empowered to write up orders should any distributor "care" to place an order, and that he answers questions about the company products. (Breathes there a salesman who refuses to answer questions about his company products?)

Nowhere in his affidavit does Mr. Smoller categorically state whether or not he solicits orders, although he does state that orders are subject to final acceptance by the home office in Cleveland. In his affidavit he makes the statement that "Rhode Island *has not been* a very encouraging place in which to try to solicit pipe fittings business." I infer that this statement is made on the basis of his unsuccessful attempts to solicit business.

The affidavit of Richard H. Stackhouse Senior Vice President and Manager of Sales for Grabler, indicates that in the three-year period Grabler's volume of business with Rhode Island customers, while extremely low when expressed as a percentage of its annual national gross sales, nevertheless approximated a total of $108,000. I believe that the business done by Grabler in Rhode Island, having particularly in mind the systematic forays of Mr. Smoller seven times per year, cannot be characterized as isolated, intermittent or sporadic; and that though these trips be denominated either "good will" or "missionary" as was done in the affidavits filed by Messrs. Stackhouse and Smoller, their obvious purpose was to enhance the possibility of sales of Grabler products within the State of Rhode Island. In sum, I find that the contacts of defendant Grabler with this State amount to " 'transacting business' of a substantial character" in this District in the ordinary and usual sense. United States v. Scophony Corp. of

---

1. The identity and the relation to Grabler, if any, of the party making this classification is not disclosed in either of the affidavits filed in support of the motion.

America, 333 U.S. 795, 818, 68 S.Ct. 855, 866, 92 L.Ed. 1091 (1948).

Grabler's motion to dismiss and quash return of service is denied. Motions of Stockham and Hajoca to dismiss and quash return of service are allowed.

Pursuant to the provisions of Rule 54 (b), Federal Rules of Civil Procedure, I determine that there is no just reason for delay and direct the Clerk to enter judgment this date for defendants Stockham and Hajoca.