**WIRELINE, INC., a corporation, Appellant,**

v.

**BYRON JACKSON TOOLS, INC., a/k/a Byron Jackson Division—Borg-Warner Corporation, a corporation, Appellee.**

**No. 19562.**

United States Court of Appeals Ninth Circuit.

April 20, 1965.

Frank F. Jestrab, Bjella, Jestrab, Neff & Pippin, Williston, N. D., Kelly & Carr, Miles City, Mont., for appellant.

Cale Crowley, Crowley, Kilbourne, Haughey, Hanson & Gallagher, Billings, Mont., for appellee.

Before POPE, BROWNING and DUNIWAY, Circuit Judges.

PER CURIAM.

This is an appeal from a decision and order granting the defendant, appellee here, a summary judgment. After the court had heard the motion for summary judgment and considered the affidavits filed in support thereof, and the counter affidavit filed in opposition thereto, the court filed an opinion and order setting forth the facts in the case and the contentions of the parties. It concluded that on the basis of the showing made to the court, "it cannot be said that there is any genuine issue of a material fact." The court ordered that the plaintiff be granted a time within which to serve and file any additional evidence in opposition to the defendant's motion for summary judgment, reciting that if no additional evidence was submitted summary judgment would be entered.

After plaintiff had taken advantage of the leave granted to supply additional or new evidence by way of affidavit or otherwise, and after receiving further briefs from the parties, the court then made its final order finding and determining that notwithstanding the receipt of this additional evidence, there was still no genuine issue of fact present in the case. It thereupon granted the motion for summary judgment and judgment was entered accordingly.

The trial court's opinion, Wireline, Inc., Plaintiff, v. Byron Jackson Tools, Inc. a/k/a, etc., Defendant, D.C., 239 F. Supp. 955, sets forth in detail the facts in the case, the contentions of the parties, and the reasons for the entry of the summary judgment. In our view the opinion of the trial court adequately deals with the case and therefore we find no occasion for setting forth here the facts as they are disclosed in that opinion. For the reasons stated in the district court's opinion, and on the basis of the cases therein cited, the judgment of the district court is affirmed.

As indicated in Points 2 and 3 of the appellant's brief, it was the contention of the appellant Wireline that the contract or agreement, which constituted the basis for its claim, was executed by the named defendant Byron Jackson Tools, Inc., and that in executing this agreement the defendant, as party thereto, used and assumed a fictitious name.[1] (The contract purported to be between "Byron Jackson Division, Borg-Warner Corporation, an Illinois Corporation" and the plaintiff Wireline, Inc., and was signed "Byron Jackson Division, Borg-Warner Corporation, (Licensor).")

Appellant also says "It must be remembered that we are not seeking to pierce the corporate veil and hold the parent, Borg-Warner." This is obvious for the Borg-Warner Corporation was not made a defendant.

In view of the decisions cited in the opinion of the trial court, particularly Cannon Mfg. Co. v. Cudahy Packing Co., 267 U.S. 333, 45 S.Ct. 250, 69 L.Ed. 634, and Gravely Motor Plow and Cultivator Co. v. H. V. Carter, 9 Cir., 193 F.2d 158, we find no basis for reversing the decision of the trial court and accordingly the judgment is affirmed.

---

1. Points 2 and 3 read as follows: "Point 2. The License Agreement herein considered was signed by officers of Byron Jackson Tools, Inc. and as such is prima facie evidence that the agreement was executed by Bryon Jackson Tools, Inc."

"Point 3. That an assumed or fictitious name was used by Byron Jackson Tools, Inc. in executing the License Agreement is immaterial; it is the intent of the parties thereto which is controlling."