**STERN FISH CO., Inc.**

v.

**CENTURY SEAFOODS, INC., William M. McClain, Inc., South African Rock Lobster Ass'n. and Sarl Service Corporation.**

Civ. A. No. 37702.

United States District Court
E. D. Pennsylvania.

May 18, 1966.

Norman Shigon, Philadelphia, Pa., for plaintiff.

William T. Steerman, Zarwin, Prince, Baum & Steerman, Philadelphia, Pa., for Century Seafoods, Inc.

Edwin P. Rome, Marvin Comisky, Philip C. Patterson, Blank, Rudenko, Klaus & Rome, Philadelphia, Pa., for Wm. M. McClain, Inc., South African Rock Lobster Ass'n. and Sarl Service Corp.

DAVIS, District Judge.

The plaintiff has instituted a civil antitrust suit against the defendants alleging a conspiracy in restraint of trade in the importation and sale of South African rock lobster tails. The matter presently before the Court is the motion of the defendant, South African Rock Lobster Association (SARLA) to dismiss the complaint and quash the return of service of the summons on grounds of improper venue, lack of jurisdiction, and insufficient service of process.

The uncontested affidavit of Albert J. Stella, former president of South African Rock Lobster Association, establishes that prior to and during 1959 this defendant was engaged in institutional advertising of South African rock lobster tails (SARL tails) on both the wholesale and retail level. Several of the Association's officers and employees made visits at "infrequent intervals" to its various members, including those in Philadelphia, for the purpose of discussing various items in connection with the campaign, but they made no other trips to Pennsylvania except those mentioned.

SARLA, incorporated under the laws of New York, has never been licensed to do business in this Commonwealth and has never had a bank account, owned or leased property, had a telephone listing, or had any agent or representative in this state.

In 1959, SARLA made a decision to liquidate and dissolve, a decision that was formalized by a resolution of its Board of Directors on August 1, 1961. The Secretary of State of New York issued its Certificate of Dissolution under the New York Membership Corporation Law on February 23, 1962. Between 1959 and its final liquidation, the defendant engaged in no other activities except those involved in "winding up of its affairs".

Since this action is an antitrust suit, the venue requirements are governed by § 12 of the Clayton Act, 15 U.S.C. § 22 which provides:

"Any suit, action, or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business; and all process in such cases may be served in the district of which it is an inhabitant, or wherever it may be found."

There is no contention that the defendant was an inhabitant of the Eastern District of Pennsylvania so that we need not pass upon that provision of the statute. Moreover, there is no question in our mind that the defendant was not found in this jurisdiction within the

meaning of the Act. The word "found" connotes presence and "continuous local activities" within the District. Eastman Kodak Co. of New York v. Southern Photo Materials Co., 273 U.S. 359, 47 S.Ct. 400, 71 L.Ed. 684 (1927); United States v. Watchmakers of Switzerland Information Center, 133 F.Supp. 40 (S.D.N.Y.1955). The uncontested affidavits of the former president of SARLA at most show sporadic and intermittent activity here. In any event the term "found" requires more contact within the jurisdiction than the phrase "transacts business" so that if the defendant comes within the ambit of the latter provision there is no need to concern ourselves with the former. See Goldlawr, Inc. v. Shubert, 169 F.Supp. 677 (E.D.Pa.1958).

■ The term "transacts business" was a later addition to the venue provision of the Clayton Act and was designed to enlarge the jurisdiction of the various federal district courts in adjudicating antitrust cases. United States v. Scophony Corp., 333 U.S. 795, 809, 68 S.Ct. 855, 92 L.Ed. 1091 (1948). Eastman Kodak Co. of New York v. Southern Photo Materials Co., supra, 273 U.S. at 372, 47 S.Ct. at 403. It is not to be given a technical or legalistic meaning; for "a corporation is engaged in transacting business in a district * * * if *in fact,* in the *ordinary and usual sense,* it 'transacts business' *therein of any substantial character.*" "The practical, everyday business or commercial concept of doing or carrying on business of any substantial character became the test of venue." United States v. Scophony Corp., supra, 333 U.S. at 807, 68 S.Ct. at 862. See Eastman Kodak Co. of New York v. Southern Photo Materials Co., supra, 273 U.S. at 373, 47 S.Ct. at 403; Rhode Island Fittings Co. v. Grinnell Corp., 215 F.Supp. 198 (D.R.I.1963); Ohio-Midland Light & Power Co. v. Ohio Brass Co., 221 F.Supp. 405 (S.D.Ohio 1962); Commonwealth Edison Co. v. Federal Pac. Elec. Co., 208 F.Supp. 936 (N.D.Ill.1962).

■ Even though the addition of the term "transacts business" was intended to broaden venue in antitrust cases, it is not without its limitations, for the Supreme Court as well as the lower courts have interpreted the statute to require some amount of business continuity and certainly more than a few isolated and peripheral contacts with the particular judicial district. United States v. Scophony Corp., supra; Eastman Kodak Co. of New York v. Southern Photo Materials Co., supra; School District of Philadelphia, Com. of Pennsylvania v. Kurtz Bros., 240 F.Supp. 361 (E.D.Pa.1965); Bruner v. Republic Acceptance Corp., 191 F.Supp. 200 (E.D.Arks.1961); Reid v. University of Minnesota, 107 F.Supp. 439 (N.D.Ohio 1952).

■ It seems self-evident to the court that under the facts of this case, SARLA was not transacting business within the Eastern District of Pennsylvania. It had no substantial business dealings within the Commonwealth. It did nothing more than send officers or employees into this jurisdiction at "infrequent intervals" in connection with an advertising campaign.[1] These facts are not sufficient to establish proper venue under § 12 of the Clayton Act, 15 U.S.C. § 22.

In Rhode Island Fittings Company v. Grinnell Corp., supra, the federal district court in Rhode Island was faced with the same question now before us. The corporation contesting venue was not registered or licensed to do business in Rhode Island, had no office, factory, warehouse, or real estate lease there, no bank account or personal property in the state, and no offices or employees either located or soliciting orders there. This company had sold to one of the other defendants in Rhode Island 1/10 of 1% of its total sales f. o. b. shipping points outside of Rhode Island and had solicited these orders by telephone from offices outside the state. The court held that the defendant was not transacting business in

---

1. The defendant admits in its brief that some of its employees may also have been in Philadelphia on occasion prior to 1952 to verify the condition of certain rock lobster tails being discharged here.

Rhode Island within the meaning of the venue provisions of the Clayton Act. Although the facts in the instant case are by no means identical with those cited above, we can say with no hesitation that the circumstances before us indicate, if anything, less business contacts with Pennsylvania than the above mentioned defendant had with Rhode Island.

Even assuming that SARLA transacted business within this district up until February 3, 1962 when it was officially dissolved, there is no evidence before us that it conducted any business thereafter. The complaint, however, was filed on March 18, 1965 or over three years after its liquidation. The venue statute speaks in the present tense so that unless the defendant was transacting business in this district at the time the action was commenced, venue is improper. This principle is well settled in this district and this circuit, and thus furnishes us with an additional ground for dismissing the complaint as to the South African Rock Lobster Association (SARLA). See Sunbury Wire Rope Mfg. Co. v. United States Steel Corp., 230 F.2d 511 (3d Cir. 1956); City of Philadelphia v. Morton Salt Company, 248 F.Supp. 506 (E.D.Pa.1965); School District of Philadelphia, Com. of Pennsylvania v. Kurtz Bros., 240 F.Supp. 361 (E.D.Pa.1965).

We note in closing that by dismissing the complaint as to SARLA, we are in no way precluding the plaintiff from obtaining by appropriate discovery all records of SARLA now in the possession of the remaining defendants to which the plaintiff may be entitled in prosecuting its action against these defendants.

### ORDER

And now, this 18th day of May 1966, it is hereby Ordered that the complaint be dismissed as to the defendant South African Rock Lobster Association (SARLA) because of improper venue. It is further Ordered that the remaining defendants preserve all documents and other records of the South African Rock Lobster Association (SARLA) now in their possession.