The **FULTON COMPANY, Inc., Plaintiff,**

v.

**BEAIRD–POULAN, INC., Defendant.**

**No. GC 7169.**

United States District Court,
N. D. Mississippi,
Greenville Division.

Jan. 5, 1972.

Roy D. Campbell, Jr., L. Carl Hagwood, of Campbell, DeLong, Keady, Robertson & Hagwood, Greenville, Miss., for plaintiff.

Cecil E. Ramey, Jr. and Thomas J. Wyatt, of Hargrove, Guyton, Van Hook & Ramey, Shreveport, La., Charles S. Tindall, Jr., of Lake, Tindall & Hunger, Greenville, Miss., for defendant.

## MEMORANDUM OF DECISION

### ORMA R. SMITH, District Judge.

Defendant has filed a Motion in this action, pursuant to Rule 12, F.R.Civ.P., setting forth defenses and objections to the complaint. Defendant moves the court to dismiss the complaint for lack of proper venue; to dismiss Counts III, IV, VI and VII for failure to state a claim upon which relief can be granted; to strike the entire complaint because, inter alia, it is not a short, plain statement of plaintiff's claim as required by Rule 8(a) F.R.Civ.P., or, in the alternative, if the entire complaint is not stricken, to strike certain specific allegations of the complaint, because such are redundant, immaterial and insufficient as a matter of law.

Plaintiff has filed a motion to compel defendant to answer certain interrogatories served upon defendant, which, according to plaintiff, have not been answered fully and completely by defendant, as the rules require.

Plaintiff has also filed two other motions—one to amend plaintiff's previous motion to compel answers to interrogatories and the other for leave to amend the complaint.

All motions were submitted to the court on oral argument at Clarksdale, Mississippi, on October 27, 1971 and additional briefs have been received by the court. The matter is now ripe for decision. The court will dispose of all pending motions at this time.

### THE VENUE

This action is an antitrust suit with two related state contract claims appended thereto. The antitrust feature of the action arises under the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1–3, and the Clayton Act, 15 U.S.C.A. §§ 12–27. Plaintiff contends that this court has jurisdiction under the provision of the Clayton Act by reason of 15 U.S.C.A. §§ 15 and 22,[1] also, pursuant to the provi-

---

1. 15 U.S.C.A. § 15, provides:

"Any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor in any district court of the United States in the district in which the defendant resides or is found or has an agent, without respect to the amount in controversy, and shall re- cover threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee."

15 U.S.C.A. § 22, provides:

"Any suit, action, or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may

sions of 28 U.S.C.A. §§ 1331, 1332 and 1337. Additionally, plaintiff asserts the venue to be proper under 28 U.S.C.A. § 1391, the general venue statute.

The main controversy centers on the interpretation to be given to the words *"or transacts business"* used in 15 U.S. C.A. § 22.

Prior to April 1971 plaintiff was engaged as the distributor of chain saws manufactured and marketed by defendant in several counties within the Northern District of Mississippi (District). During most of this time defendant had one other distributor of its saws situated within the district. Defendant cancelled its contracts with both Mississippi distributors on April 10, 1971 and placed its line with a distributor in Memphis, Tennessee, RCH, Inc. of Memphis, Tennessee (RCH). Defendant assigned all of the territory previously served by its Mississippi distributors to RCH effective April 12, 1971.

Defendant admits and so represents to the court that prior to April, 1971 it transacted business in the district within the meaning of 15 U.S.C.A. § 22.

Defendant contends, however, that upon the cancellation of the Mississippi distributorships aforesaid, it ceased to transact business within the district, and was not transacting business therein at the time this action was filed on June 18, 1971.

Defendant also contends that 15 U.S. C.A. § 22 does not authorize plaintiff to bring the action in this district unless on the date the suit was filed, i. e., June 18, 1971, defendant was, in fact, transacting business within the district, it being immaterial that defendant transacted business within the district prior to April, 1971.

In support of this position, defendant cites the cases of City of Philadelphia v.

Morton Salt Company, 248 F.Supp. 506 (E.D.Pa.1965), in which the court said "The venue statutes are phrased in the present tense, clearly referring to the time that a complaint is filed with the court";[2] and Stern Fish Company v. Century Seafoods, Inc., 254 F.Supp. 151 (E.D.Pa.1966), where the court said "The venue statute speaks in the present tense so that unless the defendant was transacting business in this district at the time the action was commenced, venue is improper".[3]

Defendant also cites two cases decided by the Fifth Circuit as supporting its position. The court finds that these cases are not controlling on the issue in the case sub judice. In Braun v. Berenson, 432 F.2d 538 (5th Cir. 1970), the court dealt with an individual defendant (Marks) as distinguished from a corporate defendant. There plaintiff could not rely on 15 U.S.C.A. § 22, which is applicable to corporate defendants only, but was required to rely on 15 U.S.C.A. § 15, which provides a person injured by a violation of the antitrust laws may sue in any district "in which the defendant resides or is found or has an agent". Marks was served in New York under the Texas long-arm statute and Rule 4(e) F.R.Civ.P. Marks neither resided nor was found nor had an agent in the district. The court held he could not be sued there. It is plain that the decision in *Braun* is not applicable to the issues facing the court in this action.

The other Fifth Circuit decision, Datamedia Computer Service, Inc. v. AVM Corporation, 441 F.2d 604 (5th Cir. 1971) held that the defendant corporations were transacting business in the district at the time the suit was filed and the venue was proper. In *Datamedia* the court dealt with an industry which, by its very nature, made sales, and could be expected to make sales, only at

be found *or transacts business;* and all process in such cases may be served in the district of which it is an inhabitant, or wherever it may be found." (Emphasis supplied.)

2. 248 F.Supp. at 509.

3. 254 F.Supp. at 154.

intervals, governed largely by the periodical nature of the electoral process (The Voting Machine Industry). There were intermittent periods during which there was no business activity in the industry. The suit was filed during one of these periods. Defendants claimed, therefore, that the venue was improper because they were not transacting business in the district when the suit was commenced. The court brushed this aside, holding that because of the nature of the industry the transaction of business in the district by defendants was a continuing one.

Plaintiff relies upon Eastland Construction Co. v. Keasbey & Mattison Co., 358 F.2d 777 (9th Cir. 1966) to sustain the contention that the phrase "transacts business", as used in 15 U.S.C.A. § 22 refers to the time when the cause of action accrued, rather than the time when the suit is filed. The court, speaking through Circuit Judge Browning, recognized that the decisions on this question are divided, and cited numerous cases on both sides of the issue.[4] Of those cited in the footnote as supporting the proposition that the controlling facts are those existing when the action is commenced, one was a decision of the Third Circuit, Sunbury Wire Rope Mfg. Co. v. United States Steel Corp., 230 F.2d 511, 512–513 (1956), the others being district court decisions. The court cited three district court decisions on the other side of the coin. In concluding that 15 U.S.C.A. § 22 authorizes suit against a corporate defendant in any district in which the defendant was transacting business when the cause of action accrued, the court said:

> "Nevertheless, we conclude that under section 12 of the Clayton Act, venue is properly laid against a corporate defendant in any district in which the defendant was transacting business when plaintiff's cause of action accrued. We do so primarily because of the construction of the Su-

preme Court placed upon the legislative history of section 12 in Eastman Kodak Co. [of New York] v. Southern Photo [Materials] Co., 273 U.S. 359, 47 S.Ct. 400, 71 L.Ed. 684 (1927); United States v. Scophony Corp., 333 U.S. 795, 68 S.Ct. 855, 92 L.Ed. 1091 (1948); and United States v. National City Lines, Inc., 334 U.S. 573, 68 S.Ct. 1169, 92 L.Ed. 1584 (1948).

In all three cases the Court concluded that the purpose of Congress in laying venue in antitrust cases where a corporate defendant 'transacts business' was to enable an injured person to sue for redress in his home district, rather than being forced to sue in a distant district in which a foreign corporation inflicting the injury 'resides or is found,' as would have been necessary under prior law [section 7 of the Sherman Act, 26 Stat. 210 (1890)] —Congress's underlying assumption being that antitrust injuries usually result from business activity of the corporate offender occurring in the victim's home district. . . . "[5]

■ The court concludes that the reasoning in *Eastland* is sound and that the rule enunciated therein should apply in the action sub judice. Defendant concedes that it was transacting business in the district at the time the cause of action accrued. Thus, it follows that venue is properly laid in this district.

The court is influenced in its decision on this issue because of absurd situations which could develop should the rule proposed by defendant be followed in every instance. For example, in the case sub judice plaintiff commenced suit against defendant sixty-seven (67) days after the cause of action accrued. If defendant is correct in its position, it would have been necessary for plaintiff to have filed suit the day defendant cancelled plaintiff's contract, for, after that day defendant, according to its contention, was not transacting business in the dis-

---

4. 358 F.2d at 779, footnote 5.

5. 358 F.2d at 780.

trict. Such a rule would have the effect of destroying the right of an injured party to sue for redress in his home district where the injury accrued.

■ The court also reaches the conclusion that defendant continued to transact business in the district after the change of distributors and was transacting business in the district at the time the suit was filed. When defendant terminated the Mississippi distributors' contracts defendant immediately designated RCH, Memphis, Tennessee, as the distributor of its products in the district. On April 2, 1971, prior to the cancellation of plaintiff's distributorship defendant notified dealers serviced by the Mississippi distributors of the change and the effective date thereof. After the effective date of the change defendant sent representatives into the district with RCH representatives to call upon the dealers and to assist RCH representatives with explanation and data concerning the goods marketed by defendant. The goods were sold to the dealers by RCH, but, nevertheless, defendant's representatives gave assistance to and encouraged the sales. Defendant's representatives called upon twenty-three dealers in the district during the four day period beginning May 4, 1971, and ending May 7, 1971. The record reflects that defendant makes available to its distributor, RCH, on a recurring basis, the services of its representatives to accompany RCH representatives when the latter call upon dealers who are engaged in selling defendant's goods to the consumer, and assist in the promotion of sales with explanation and data concerning the goods.

Defendant arranges through an out-of-the-district advertising agent for the advertising of its goods within the district. Advertisements are carried in national and regional publications which are, to some extent, circulated within the district. The advertising costs are shared by the distributor and the defendant.

The advertisement concerns the good qualities of the Poulan XXV chain saw, and carries the trademark of defendant, which, in addition to the letters "b" and "p" sets forth defendant's name and address, "Beaird-Poulan—Shreveport, Louisiana". Some of the advertisements carry the following "For information on Poulan XXV, write Ray Webb, P.O. Box 9329 Code K, Shreveport, Louisiana, 71109 or call toll free (800) 551–8989. In Louisiana the number is (800) 282–8803"; others "Check the yellow pages for dealer nearest you or call toll free (800) 551–8989. In Louisiana the number is (800) 282–8803".

The trademark above described appears in the yellow pages of various telephone directories in the district. The dealer places the advertisement. The defendant pays for the trademark and the dealer pays for his name and address. The entire cost is divided equally.

The court is of the opinion that the activities of defendant in the district are substantial in nature, and constitute, in the ordinary and usual sense, the transaction of business. This is all that is required to subject defendant to suit in the district under the provisions of 15 U.S.C.A. § 22. This conclusion is buttressed by the decision of the Fifth Circuit in *Datamedia*, supra, where the court, speaking through Circuit Judge Coleman, said:

"Section 12 of the Clayton Act confers venue for antitrust suits upon any district in which the defendant corporation is transacting business.

The test for transacting business under Section 12 was set forth in Eastman Kodak Company [of New York] v. Southern Photo Materials, 1927, 273 U.S. 359, 47 S.Ct. 400, 71 L.Ed. 684. The Court stated 'that a corporation is engaged in transacting business in a district * * * if in fact, in the ordinary and usual sense, it "transacts business" therein of any substantial character.' This decision

effectively broadened the venue of the district court in anti-trust suits.

It is best demonstrated by the Court itself in United States v. Scophony Corporation of America, 1948, 333 U.S. 795, 68 S.Ct. 855, 92 L.Ed. 1091:

'Thus by substituting practical, business conceptions for the previous hair-splitting legal technicalities entrusted upon the "found"—"present"—"carrying-on-business" sequence, the Court yielded to and made effective Congress' remedial purpose. Thereby it relieved persons injured through corporate violations of the anti-trust laws from the often insuperable obstacle of resorting to distant forums for redress of wrongs done in the places of their business or residence. A foreign corporation no longer could come to a district, perpetrate there the injuries outlawed, and then by retreating or even without retreating to its headquarters defeat or delay the retribution due.'

In Jeffrey-Nichols Motor Company v. Hupp Motor Car Corporation, 1 Cir., 1931, 46 F.2d 623, Hupp had district managers who promoted and solicited sales in much the same manner as AVM's agents. The Court had this to say about transacting business:

'Under the rule laid down in the Eastman Company case, while a single transaction of business may not be sufficient to establish a venue in a district, perpetrate there the in-maintenance of an office or place of business or the presence of agents soliciting or taking orders. * * * The sale of goods is not essential to constitute transacting business. All the steps leading up to or in promoting sales may constitute the transaction of business.' " [6]

It is the court's considered opinion that defendant's motion to dismiss for lack of venue is not well taken under either premise and will be overruled.

### THE COMPLAINT

The complaint in this action is twenty-one (21) pages in length. A careful consideration of the complaint convinces the court that the complaint does not comply with the the applicable provisions of the Federal Rules of Civil Procedure.

Rule 8(a) F.R.Civ.P. provides, inter alia, "A pleading which sets forth a claim for relief, . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief. . . . " Rule 8(e) (1), F.R.Civ.P. provides "Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required."

■ Although this suit is an antitrust action and requires plaintiff to state with clarity his claim for relief, it is not contemplated that plaintiff set forth in the complaint a detailed history of his relationship with defendant covering a span of twenty years, nor include therein details of an evidentiary nature, conclusory allegations, or analogous references. Metropolitan Theatre Co. v. Warner Bros. Pictures, 12 F.R.D. 516 (S.D.N.Y.1952); New Dyckman Theatre Corp. v. Radio-Keith-Orpheum Corp., 16 R.F.D. 203 (S. D.N.Y.1954); Walter Reade's Theatres v. Loew's Incorporated, 20 F.R.D. 579 (S.D.N.Y.1957).

■ It is now generally accepted that the provisions of Rule 8(a) apply to anti-trust cases in the same fashion as to other actions. Wright & Miller, Federal Practice and Procedure, Civil, § 1228.

It appears equitable and fair for the court to require plaintiff to file a complaint which contains a short and plain statement of his claim and which includes only averments which are simple, concise and direct. Rule 8(b) F.R.Civ.P. requires that defendant state in short and plain terms its defense to each claim as-

6. 441 F.2d at 605–606.

serted against it, and admit or deny the averments upon which plaintiff relies. Thus, the necessity for eliminating from the complaint redundant, historical, evidentiary, argumentative and conclusory material.

The court is persuaded that the amended complaint drawn in compliance with the provisions of Rules 8(a) and (e) (1) will aid the parties and the court in promptly disposing of the action with a minimum of delay and expense.

### THE OTHER MOTIONS

The court will not carry forward the other motions which have been filed in this action. The same will be overruled, but without prejudice to either party to file such motions as may be appropriate after plaintiff has filed an amended complaint.

The court is entering an appropriate order.