**O. S. C. CORPORATION and O.S.C. Corporation of California, Appellants,**

v.

**TOSHIBA AMERICA, INC. and Tokyo Shibaura Electric Co., Ltd., Appellees.**

**No. 72–1372.**

United States Court of Appeals, Ninth Circuit.

Feb. 4, 1974.

Willard D. Horwich (argued) Beverly Hills, Cal., for appellants.

Peter J. Garland (argued) of Knapp, Gill, Hibbert & Stevens, Los Angeles, Cal., Wender, Murase, White & Briger, New York City, for appellees.

Before BARNES and CHOY, Circuit Judges, and SCHWARTZ,* District Judge.

## OPINION

PER CURIAM:

This is an appeal from an order of the District Court dismissing appellants' claim against one defendant, Tokyo Shibaura Electric Co., Ltd., pursuant to Rule 12 of the Federal Rules of Civil Procedure, on grounds of improper ven-

* The Honorable Edward J. Schwartz, Chief Judge, United States District Court for the

ue and lack of personal jurisdiction in the District Court.

Appellants, O. S. C. Corporation and O. S. C. Corporation of California, have their principal place of business in Los Angeles, California. O .S. C. Corporation acts as a purchasing company and O. S. C. Corporation of California acts as a sales company. Appellants brought an antitrust action against Toshiba America, Inc. (hereinafter "Toshiba") and the sole appellee, Tokyo Shibaura Electric Co., Ltd. (hereinafter "Tokyo Shibaura") seeking damages, injunctive relief, forfeiture of inventory and a count for breach of contract. (R 1–11).

Toshiba is a New York corporation, with its principal place of business in New York City, which has branch offices and warehouses in Chicago, Illinois and Los Angeles, California. Toshiba is a wholly-owned subsidiary of appellee, Tokyo Shibaura. Toshiba sells electronic desk calculators at wholesale. These calculators are made in Japan.

The record shows and appellants concede the fact that the sale of the electronic calculators made by Tokyo Shibaura to Toshiba takes place in Japan. Toshiba imports such products into the United States, and sells and delivers such products to purchasers from Toshiba in the United States.

The dismissal of appellants' claims against Tokyo Shibaura for improper venue was under the statutory authority of 15 U.S.C. § 22.

15 U.S.C. § 22 states:

"Any suit, action, or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business; and all process in such cases may be served in the district of which it is an inhabitant, or wherever it may be found."

Southern District of California, sitting by designation.

Appellants contend in this appeal that by selling its electronic calculators to Toshiba, Tokyo Shibaura "transacts business" in the Central District of California because Toshiba makes sales and deliveries of such calculators there, and that sales and deliveries of the products of Tokyo Shibaura find their way into Los Angeles, California through the presence of a branch office of a wholly-owned subsidiary. These transactions, it is argued, on the part of Tokyo Shibaura, constitute a practical everyday business or commercial concept of doing or carrying on business of a substantial character. United States v. Scophony Corporation of America, 333 U.S. 795, 68 S.Ct. 855, 92 L.Ed. 1091 (1948).

We reject appellants' arguments on the venue issue, observing that to find otherwise would do violence to the due process limitations imposed by the Fourteenth Amendment of the United States Constitution on the question of what constitutes "transacting business." (See e. g., International Shoe v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).)

The record does show as appellee alleges and appellant agrees that:

"1. Tokyo Shibaura has never registered to do business in California;

2. Tokyo Shibaura does not own or lease any property in California;

3. Tokyo Shibaura has no bank account in California;

4. Tokyo Shibaura has never sold its electronic calculators to either plaintiff and in fact it sells only to Toshiba, in Japan pursuant to letter of credit;

6. Tokyo Shibaura does not sell electronic calculators in California;

7. Tokyo Shibaura has no officer, director, employee or other representative in California for any business purpose;

8. Tokyo Shibaura has no agent, salesman or resident representative in California, nor has it any dealers or jobbers in California;

9. Tokyo Shibaura has not solicited any business in California; and

10. Tokyo Shibaura has no branch office, warehouse, or other place of business in California." (R. 41–43.)

Appellants' sole basis for alleging that Tokyo Shibaura transacts business in the Central District of California is stated in Plaintiffs' Answer to Interrogatories that it is believed by the plaintiffs (appellants here) that shipments are directly made by Tokyo Shibaura to Toshiba in the Central District of California. We have scanned the record and find no evidentiary basis for this allegation, nor have we been referred to any facts in support for such assertion although a request was made therefor on oral argument.

In Hayashi v. Sunshine Garden Products, Inc., 285 F.Supp. 632 (W.D.Wash. 1967), aff'd 396 F.2d 13 (9th Cir. 1968), we affirmed a finding that where a foreign corporation had no offices within the jurisdiction of the District Court and did not conduct any business within the state, the mere fact that a wholly-owned subsidiary did business within the state and had some common officers with the parent was insufficient to establish venue in the absence of a showing that the foreign corporation in fact controlled and managed the subsidiary to subject the foreign corporation to venue in the district. We held in Hayashi that the burden was on the plaintiff under the venue provisions of section 12 of the Clayton Antitrust Act, 15 U.S.C. § 22.

Appellants contend that the test of 15 U.S.C. § 22 is not the corporate separateness of the parent and subsidiary, but rather the everyday concept of transacting business. They rely on Sunbury Wire Rope Mfg. Co. v. United States Steel Corp., 129 F.Supp. 425 (E. D.Pa.1955), and contend that there is no difference in substance to the facts in the present case and suggest we follow Sunbury's holding. However, we find that the present factual situation can be readily distinguished from that in Sunbury. In Sunbury, substantial merchan-

dise of the defendant (a Michigan corporation which had never registered to do business in Pennsylvania) found its way into the Eastern District of Pennsylvania. The defendant had no agent for service of process in Pennsylvania, nor did it have any officers, resident salesmen, telephone listings or bank accounts in Pennsylvania. However, as part of its sales transactions, it had delivered a substantial amount of its product in the Eastern District of Pennsylvania as a result of orders solicited and obtained elsewhere.

Stressing the "delivery" end of the sale of the product the court concluded that a delivery by the defendant of almost $600,000 worth of a company's product into the Eastern District of Pennsylvania within less than two years as part of sales transactions, constitutes the transacting of business in the district. The court relied on the "practical everyday business or commercial concept" test of United States v. Scophony, *supra*. However, in *Sunbury*, the delivery was made *directly* by the defendant into the Eastern District of Pennsylvania. Here, Tokyo Shibaura sells to Toshiba, its wholly-owned subsidiary, in Japan, and delivers to Toshiba which in turn delivers electronic calculators to customers in the Central District of California. Appellants even admit such distinction between *Sunbury* and the present case in testimony in the District Court (R.T. pp. 5–6), but argues that through technical niceties, Tokyo Shibaura has shielded itself from the court's jurisdiction. Appellants in their briefs do not make the argument that the corporate separateness between parent and subsidiary should be pierced. Indeed the evidence supports the finding that Toshiba and Tokyo Shibaura are separate entities. Wireline, Inc. v. Byron Jackson Tools, Inc., 239 F.Supp. 955, 960 (D. Montana 1964), aff'd 344 F.2d 331 (9th Cir. 1965).

The case of Cannon Manufacturing Co. v. Cudahy Packing Co., 267 U.S. 333, 45 S.Ct. 250, 69 L.Ed. 634 (1925) is more akin to the issue at hand. In *Cudahy,* the Court was concerned with the question of whether, in a breach of contract action, the defendant, a Maine corporation was doing business within the State of North Carolina to such an extent as to be present for purposes of jurisdiction. The foreign corporation was shown to dominate the business decisions and activities of its subsidiary corporation in North Carolina, which bought from the parents and sold to dealers and collected the purchase price, although, in contrast to the facts in the present case, the parent shipped directly to the dealers. The Court held that the defendant corporation did not thereby do business in North Carolina so as to be present there and suable in the federal court. "The corporate separation, though perhaps merely formal, was real. It was not pure fiction." *Id.* at 337, 45 S.Ct. at 251.

The principles enunciated in *Cudahy* were recognized in Intermountain Ford Tractor Sales Co. v. Massey-Ferguson, Ltd., 210 F.Supp. 930 (C.D. Utah 1962). In *Massey-Ferguson,* the defendant was ultimately held subject to jurisdiction in the Central District of Utah on a strong showing of domination and control of the affairs of a subsidiary. However, one of plaintiffs' arguments was that the foreign corporation was directly doing business within the Central District of Utah because "as shipper it sent goods into the state which were directed not to its subsidiary as the purchaser but to the stores operated by the subsidiary or to other dealers." *Id.* at 932. The court rejected this reasoning and applying the *Cudahy* case stated:

"There is no merit to the claim that because shipping documents covering equipment sold by the Canadian company to its subsidiary showed the Canadian company to be the 'shipper' and because on occasion the equipment went directly to the local stores or the customers of the subsidiary, the Canadian company itself was transacting business directly in the district of

Utah. The evidence indicates that property shipped into Utah by the Canadian company was sold prior to shipment to the subsidiary and that shipments were made as directed by the latter. *Ordinary business practices completely removed from the local scene could not be so magnified in their supposed local effect without subjecting almost every foreign manufacturer to the consequences of local operations merely because their products eventually reach local dealers or consumers. The most loose concept of liberalized venue and service requirements would not countenance such result.* And besides, as I read the Cudahy case a similar argument was clearly rejected there." (Emphasis added.) Id.

*See also* Ohio-Midland Light & Power Co. v. Ohio Brass Co., 221 F.Supp. 405 (S.D.Ohio 1962).

Even assuming we were to find that the *Scophony* definition of "transacting business" has limited the *Cudahy* holding, we do not find that the appellants have sufficiently established that Tokyo Shibaura transacted such an amount, or any, business within the Central District of California, as to be within the practical everyday business or commercial concept of doing or carrying on business of a substantial character.

We do not find it necessary to resolve the issue of whether the specific venue statute, 15 U.S.C. § 22, is superseded by or is complemented by the general venue statute, 28 U.S.C. § 1391(d), because a necessary step toward reaching that issue is lacking. Appellants rest their contention on the premise that if Tokyo Shibaura may be sued at all in the United States, under section 1391(d) as an alien corporation it can be sued in any district (Appellants' Reply Brief p. 1). However, it asserts no new facts supporting the contention that Tokyo Shibaura can be sued anywhere in the United States, nor do we find any in the record. Consistent with our conclusion above concerning Tokyo Shibaura's contact with the Central District of Califor-

nia, we find no evidence that Tokyo Shibaura "transacted business", as that term has been construed in 15 U.S.C. § 22, in the United States.

We therefore affirm the District Court's Order.