**I. S. JOSEPH COMPANY, INC., Plaintiff,**

v.

**MANNESMANN PIPE AND STEEL CORPORATION and Mannesmann Aktiengesellschaft, Defendants.**

**No. 4–75–Civ–359.**

United States District Court, D. Minnesota, Fourth Division.

March 10, 1976.

Charles Quaintance, Jr., and Andris A. Baltins, Maslon, Kaplan, Edelman, Bor-

**1024**

man, Brand & McNulty, Minneapolis, Minn., for plaintiff.

Lawrence C. Brown, Faegre & Benson, Minneapolis, Minn., and James M. Rhodes, Coudert Brothers, New York City, for defendants.

## MEMORANDUM AND ORDER

DEVITT, Chief Judge.

 The primary issue raised by this motion to dismiss is whether extraterritorial service of process on a West German corporation, with no demonstrated contacts with this district, is permissible where plaintiff alleges it has conspired to violate the antitrust laws. Plaintiff contends that defendant Mannesmann Aktiengesellschaft (MAG) was properly served under § 12 of the Clayton Act, 15 U.S.C.A. § 22 or under the Minnesota One Act Statute, M.S.A. § 303.13(1)(3). MAG counters by arguing that neither of those statutes authorize extraterritorial service of process in this case and, even if they did, because MAG has no contacts with this district, to require it to defend in Minnesota would be in violation of its due process rights.

Plaintiff, a Minnesota corporation, contracted with defendant Mannesmann Pipe and Steel Corporation (MPS), a New York corporation headquartered in Jacksonville, Florida, to purchase large quantities of West German coke, delivery to take place in West Germany. Sometime later, plaintiff commenced this lawsuit seeking to recover treble damages for violation of the antitrust laws, alleging that MPS and its parent, MAG, a West German holding and steel producing company, have conspired and combined to fix prices and to divide markets for coal, steel, and coal and steel products and that MAG has monopolized the market for West German coal and steel products. The summons and complaint were served on the Secretary of State of the State of Minnesota who in turn mailed them to the last known address of MAG. MPS has counterclaimed, alleging breach of the contract to purchase West German coke. MAG has moved to dismiss under Rule 12, contending that the court lacks personal jurisdiction over it and that the process and service of process were insufficient. For the reasons that follow, MAG's motion to dismiss for insufficiency of service of process is granted.

Rule 4 of the Federal Rules of Civil Procedure authorizes service of process upon a foreign corporation "in the manner prescribed by any statute of the United States or in the manner prescribed by the law[s] of the state in which the district court is held . . ." Section 12 of the Clayton Act allows extraterritorial service of process in cases which satisfy its venue provisions. That section provides that:

> Any suit, action, or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district where it may be found or transacts business; and all process in such cases may be served in the district of which it is an inhabitant, or wherever it may be found.

Thus, this statute allows extraterritorial service of process on MAG only if it is an inhabitant of this district or if it is found or transacts business here. Quite clearly MAG is not an inhabitant of this district, nor is it found here. However, plaintiff maintains that the allegations in the complaint that MAG conspired with MPS are sufficient to meet the test of transacting business in Minnesota. This "co-conspirator" theory has been rejected in this district, albeit in connection with a motion to dismiss for improper venue, as a method of establishing that a defendant transacts business in a jurisdiction. In *State of West Virginia v. Morton International Inc.*, 264 F.Supp. 689 (D.Minn.1967), Judge Larson granted the motion of defendant Cayuga Salt Company to quash service and dismiss the action against it because it did not transact any business in Minnesota, despite allegations in the complaint that Cayuga conspired to violate the antitrust

laws with other defendants clearly transacting business in Minnesota. Thus, because the venue provisions of § 12 have not been met—MAG is not an inhabitant of this district, it is not found here and it does not transact business here—extraterritorial service of process is not authorized by it. *See also OSC Corporation v. Toshiba America, Inc.,* 491 F.2d 1064 (9th Cir. 1974).

Plaintiff also maintains that the manner of service in this case was authorized by the Minnesota One Act Statute which allows service upon the Secretary of State of all process in a lawsuit against a foreign corporation resulting from a tort committed in whole or in part in Minnesota against a Minnesota resident. It argues that because MAG and MPS conspired to violate the antitrust laws to its detriment, a tort has been committed in whole or in part in Minnesota against a Minnesota resident. This argument was rejected by implication by Judge Larson's order quashing service in *State of West Virginia v. Morton International, Inc., supra,* even though plaintiffs alleged that defendant Cayuga Salt Company had conspired to violate the antitrust laws to the detriment of Minnesota residents. In addition, it is clear that because MAG does not have enough contacts with this district to satisfy the "minimal contacts" jurisdictional test of *International Shoe Co. v. State of Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) and its progeny, service of process under the Minnesota statute is not authorized. *See, e.g., B & J Manufacturing Co. v. Solar Industries, Inc.,* 483 F.2d 594, 596 (8th Cir. 1973); *Margoles v. Johns,* 157 U.S.App.D.C. 209, 483 F.2d 1212, 1220 (1973); *Martin v. Kelley Electric Co.,* 371 F.Supp. 1225, 1227 (E.D. Ark.1974).

IT IS ORDERED that the motion of defendant Mannesmann Aktiengesellschaft to dismiss for insufficient service of process is GRANTED.